In the Matter of KNICKERBOCKER LIFE INSURANCE COMPANY.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* KNICKER-BOCKER LIFE INSURANCE COMPANY, Defendant.

FRANCIS R. STODDARD, JR., as Superintendent of Insurance of the State of New York, Appellant; HERMAN HOFFMAN, Substitute Receiver, etc., Respondent.

First Department, June 6, 1924.

Insurance — substitute receiver was appointed on application of administrator of beneficiary of defunct insurance company while assets were in hands of State Superintendent of Insurance — order was reversed — substitute receiver will not be given allowance, counsel fees and expenses.

A substitute receiver of a defunct life insurance company who was appointed on the application of the administrator of the estate of a beneficiary named in a life insurance policy while the assets were in the hands of the State Superintendent of Insurance as liquidator, is not entitled to an allowance, counsel fees and expenses, where the order making the appointment was reversed by the Appellate Division and the receiver performed no services and the company received no benefit whatever through his appointment.

APPEAL by The People of the State of New York and by Francis R. Stoddard, Jr., as Superintendent of Insurance, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of January, 1924, as resettled by an order entered on the 14th day of February, 1924, appointing a referee to take evidence on the report of the substitute receiver and report the same to the court with his opinion in relation thereto.

*Clarence C. Fowler,* for the appellant State Superintendent of Insurance.

*Bernard Cowen,* for the respondent.

DOWLING, J.:

This is an appeal from an order entered in the office of the clerk of the county of New York on the 19th day of January, 1924, as resettled by an order entered on the 14th day of February, 1924, appointing a referee to take evidence and report with his

opinion to the New York County Supreme Court on the issues of law and questions of fact raised by the report of Herman Hoffman, substitute receiver of the Knickerbocker Life Insurance Company herein, and the objections filed thereto by the State Superintendent of Insurance.

On the application of the administrator of the estate of a beneficiary named in a life insurance policy issued by the Knickerbocker Life Insurance Company, Herman Hoffman was on March 7, 1921, appointed substitute receiver of the Knickerbocker Life Insurance Company in the place of Charles H. Russell, deceased.

An appeal to this court was taken by the Attorney-General of the State of New York, and the order appointing the receiver was reversed. (*Matter of Knickerbocker Life Ins. Co.*, 199 App. Div. 503; appeal dismissed by the Court of Appeals, 233 N. Y. 604.)   Mr. Justice PAGE, writing for a unanimous court there, said:

" The petitioner, administrator of an estate of a beneficiary of a life insurance policy in the Knickerbocker Life Insurance Company, applied to the court for the appointment of a receiver of said company, successor to one discharged by an order of December 23, 1887, re-instated in 1906, and his estate discharged after his executor had accounted.   The assets of the company are now in possession of the State Superintendent of Insurance, where they have been for many years, who has paid out of the funds in his possession dividends to those claimants who had filed their claims with the receiver, and certain legal expenses incurred in the administration of the insolvent estate.

" The petitioner does not show that any demand for payment of this claim was ever made upon the Superintendent and refused.

" The Superintendent of Insurance since the enactment of section 63 of the Insurance Law has been the official liquidator of all insolvent insurance companies.   The purpose of this law was to provide for an economical liquidation of insolvent insurance companies through the agency of a State Department, and to prevent the waste of assets which theretofore had been occasioned through receiverships.   No good purpose can be served by the transfer of the assets from the custody and control of the State Department to a receiver.   The claimant, if entitled to receive any portion of this fund, can obtain speedy relief by application to the Superintendent of Insurance, and if refused, by application to the court. The only effect of this order will be to dissipate the funds in unnecessary receiver, referee and counsel fees.''

The order appointing the respondent herein, Herman Hoffman, as receiver, was, therefore, reversed, and the orders denying the motion to vacate the same reversed and the motion granted.

Here we have a judicial declaration by this court that the appointment of respondent as receiver was improper and improvident.

The respondent, while claiming to act as receiver, between the date of his appointment and of the end of his tenure of office by the order of this court, never received any funds whatever of the Knickerbocker Life Insurance Company, nor ever disbursed any money on its account. His record as receiver is a blank. Yet, though originally illegally appointed. he now seeks to be paid the sum of $3,000 for his alleged allowance, counsel fees and expenses. The prophecy contained in the final sentence of the opinion of this court has been justified, that " the only effect of this order will be to dissipate the funds in unnecessary receiver, referee and counsel fees."

No beneficial service was rendered to the company by respondent and no good reason is suggested why his expenses and legal fees, incurred in connection with his effort to sustain his improper appointment as receiver, should be paid by it instead of by the petitioner who secured such appointment.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to approve and settle the account of the receiver and to direct payment denied, with ten dollars costs.