WILLIAM E. REED and Others, Respondents, *v.* SQUIRE COMPANY, INC., as Attorney in Fact for LIBERTY UNDERWRITERS OF NEW YORK, Appellant.

JAMES A. BEHA, as Superintendent of Insurance of the State of New York, Appellant.

First Department, July 6, 1926.

Insurance — action to dissolve underwriters — motion at beginning of action for receiver was denied — present motion made three years thereafter should have been denied — no notice of trial received — plaintiffs guilty of laches — if liquidation cannot proceed without receiver application should be made under Insurance Law, § 63, to Superintendent of Insurance to take possession.

In an action for the dissolution of underwriters and for an accounting and settlement of the affairs of the underwriters, in which an application for the appointment of a receiver made at the time the action was commenced was denied, it was improper for the court, on this application made three years thereafter, to appoint a receiver, since the appointment was opposed by the State Superintendent of Insurance and the Attorney-General, and since it appears that the liquidation of the underwriters has proceeded in a satisfactory manner and that most of the claims have been liquidated. Moreover, the plaintiffs were guilty of laches in not placing the case on the calendar for trial.

Furthermore, if it is impossible to proceed in the present voluntary liquidation proceedings without the appointment of a receiver, then the only remedy is an application under section 63 of the Insurance Law to the State Superintendent of Insurance for him to take possession of the assets and to proceed with the liquidation of the underwriters.

APPEAL by Squire Company, Inc., as attorney in fact, and James A. Beha, as Superintendent of Insurance of the State of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of February, 1926, granting plaintiffs' motion for the appointment of a receiver, and also from an order entered in said clerk's office on the 23d day of February, 1926, granting a reargument of said motion but refusing to change the original disposition thereof.

*Arnold L. Davis* of counsel [*Charles R. Coulter* with him on the brief; *Davis, Wagner, Heater & Hollon*, attorneys], for the appellant Squire Company, Inc.

*Robert P. Beyer, Deputy Attorney-General*, of counsel [*Albert Ottinger, Attorney-General*], for the appellant Superintendent of Insurance.

*David J. Gallert* of counsel [*Gallert, Hilborn & Raphael*, attorneys], for the respondents and the receiver.

McAVOY, J.  The order here for review appointed a receiver of the assets and business of a group of underwriters known as the Liberty Underwriters of New York.  An appeal is taken from that order upon the ground that no reason existed for the appointment of a receiver.

The facts as set out in the application indicate that the action was commenced by five resigned underwriters in September, 1922, to secure (1) the dissolution of the underwriters; (2) an accounting by the defendant Squire Company, Inc., which was the holder of the power of attorney for the underwriters, and for judgment against that company for any sum found to be due it; (3) for the ascertainment of the rights of the plaintiff in the assets of the underwriters; (4) the award of appropriate judgment in favor of any individual underwriter; (5) the appointment of a receiver of the property and good will of Liberty Underwriters, with power to sell, etc.; and (6) for a division of the proceeds after the payment of debts.  Issue was joined by the service of an answer in February, 1923, but no notice of trial has ever been served.  A motion was made at the commencement of the action for the appointment of a receiver of Liberty Underwriters which was served with the original summons and complaint.  This motion was argued, and while awaiting a report from the Insurance Department, decision was withheld until April, 1924.  This report was filed with a recommendation by the attorney for the Superintendent of Insurance, upon which the learned court then denied the motion.

Reinsurance has been had with a concern known as Ohio Millers Mutual Fire Insurance Company on all unexpired fire policies, and on all unexpired automobile policies with the Pacific Fire Insurance Company. Thereafter no further liability against the underwriters was continued on these policies, whether resigned or not. No new liabilities against any underwriter were incurred because no new business has been written since March 6, 1922, pending the liquidation of the contingent liabilities. At the time this action was commenced and the original motion made, the only business being conducted by the underwriters through their attorney in fact was the liquidation of the outstanding unpaid policy claims. The departmental report submitted on the motion in April, 1924, showed assets of over $300,000 against which the total unpaid claims, liability for which was being disputed, amounted to a little over $57,000.

After the entry of the order denying the motion originally made by plaintiff down to the time when this present motion was made in December, 1925, the liquidation of outstanding contested claims had progressed to the point where all but three had been liquidated, whose total claims aggregated $26,000. All (and there were but three) of the actions on these contested claims should have been reached for trial in March, 1925. Without attempting to bring this action for trial on the merits, or even to notice it for trial or to prefer it for any reason so that it might be tried on the merits, another application was made on this present motion for the appointment of a receiver. In view of the fact that a similar application in this action made at the time of the commencement of the action had been denied when the financial position of the underwriters was not so favorable as it is now, and in view of the opposition of both the Superintendent of Insurance and the Attorney-General of the State, we think this motion should not have been granted, as plaintiffs were guilty of gross laches in prosecuting their action, and this of itself would have warranted the learned court in refusing to entertain an application for the summary relief of a receiver in a motion made more than three years after the action was commenced. This action could have been disposed of on the merits in the ordinary course of the calendar had the plaintiffs ever put it on the calendar; and nothing appears in the papers to indicate any particular reason for now granting summary relief which could have been had by trial long since if it were needful.

No insolvency was shown nor alleged, except a statement to the effect that "the unpaid claims aggregated $57,811.13, so that disregarding the notes of the underwriters the Liberty Underwriters was not solvent." There was nothing to show that the

REED v. SQUIRE CO., INC. **497**

App. Div. 494]            First Department, July, 1926.

notes should be disregarded as worthless, and the report shows that their amount was over $239,000 in principal.

The complaint contains no allegations of insolvency. The primary object of the action and the principal prayer for relief was that the Liberty Underwriters be dissolved, and that the attorney-in-fact, Squire Company, Inc., be required to account for the benefit of all the underwriters. The receivership sought in the prayer for relief was apparently a mere incident to the dissolution, and dissolution was then sought to enable the plaintiffs to take out their deposits, although then there were many policies outstanding in full force and effect under which losses had occurred.

The Insurance Department examiner's report, dated in April, 1924, supplemented by an affidavit of December, 1925, when this motion was made, showed that the statement of December exhibits a more favorable condition of the Liberty Underwriters than the financial condition of its affairs as of February 29, 1924, when the first application was made, and that satisfactory progress has been made in liquidating its affairs.

The proper procedure in the event that the present voluntary liquidation is not duly proceeding is to petition the Superintendent of Insurance to take possession and administer the assets of the Liberty Underwriters of New York under section 63 of the Insurance Law. This is the legislative remedy afforded. The legislation under section 63 of the Insurance Law* as interpreted by this court has clearly indicated that liquidation through formal receiverships should not exist so far as it affects insurance companies or associations. The remedy, through the office of the Superintendent of Insurance being exclusive, we think that the appointment of a receiver should have been denied and the order made and appealed from must be reversed.

The orders appealed from should in all respects be reversed, with ten dollars costs and disbursements, and the motion for the appointment of a receiver of the Liberty Underwriters of New York denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and WAGNER, JJ., concur.

Orders reversed, with ten dollars costs and disbursements, and motion for appointment of a receiver denied, with ten dollars costs.

---

* Added by Laws of 1909, chap. 300, as amd. by Laws of 1912, chap. 217; Laws of 1913, chap. 29, Laws of 1918, chap. 119, and Laws of 1922, chap. 69.— [REP.