In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, as Superintendent of Insurance of the State of New York, Respondent.

SECOND RUSSIAN INSURANCE COMPANY et al., Appellants.

*Appeal — order of Special Term modifying order directing liquidation of insurance company so as to permit trial of actions pending against it, discretionary — Court of Appeals without power to review order .of reversal.*

An order of Special Term modifying a prior order, directing liquidation of the business of a foreign insurance company, so as to permit the trial of certain actions which were pending against the company, as if the order of liquidation had not been made, though a final order, is one resting in the discretion of the court and where reversed by the Appellate Division, the Court of Appeals has no power of review.

*Matter of Second Russian Ins. Co.* (*Hamburg Ins. Co.*), 219 App. Div. 46, appeal dismissed.

(Argued February 24, 1927; decided March 4, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 31, 1926, which reversed an order of Special Term granting a motion for modification of an order of liquidation and denied said motion.

*Albert Massey, Frederick S. Titsworth* and *Michael S. Gleason* for Second Russian Insurance Company, appellant.

*Hartwell Cabell, Milton B. Ignatius, Blaine F. Sturgis* and *William B. Devoe* for Hamburg Insurance Company, appellant.

*Frederick B. Campbell* and *Paul C. Whipp, amici curiæ*

*Albert Ottinger, Attorney-General* (*Clarence C. Fowler* and *Joseph H. Flynn* of counsel), for respondent.

Prepared by State Reporter from Appeal Papers

*Per Curiam.* The order of the Special Term of the Supreme Court directing liquidation of the business of the Second Russian Insurance Company, a foreign corporation, pursuant to provisions of section 63 of the Insurance Law (Cons. Laws, ch. 28), was affirmed by this court under the provisions of subdivision 1-e of that section, which provided for such action when further transaction of business would be hazardous to policyholders, creditors and the public. (243 N. Y. 524.) The order was a final order.

The subsequent order of the Special Term, dated September 25, 1926, modifying its previous order of May 22, 1925, is also a final order and reviewable here. (*Matter of Board of Education,* 169 N. Y. 456.) The modification by the Special Term was to the extent of allowing the plaintiffs in two actions which had been pending against the Second Russian Insurance Company in the Supreme Court to proceed with the trial as if the order of liquidation, May 22, 1925, had not been made. The Appellate Division has reversed this order and denied the modification.

Although the order of modification by the Special Term was a final order, yet it was one which rested in the discretion of the Special Term and the Appellate Division, and we have no power to review discretionary orders.

Even if the appellants were permitted to proceed with their trial and obtain judgment, the procedure to collect it would yet remain to be determined. We have held that after the payment of all domestic creditors, the funds in the hands of the Superintendent of Insurance belong to the creditors and shareholders wherever situated; that if the company is in liquidation at its domicile, the funds must be sent to the home liquidator under proper terms and conditions. Here of course there is no home liquidator, as the Second Russian Insurance Company has ceased to exist as a going concern under Soviet decrees. We do not mean to intimate that the Superintendent of

Insurance can hold these surplus funds indefinitely. His duty is defined by the statute, and after the payment of all domestic creditors, he must turn over the funds to the persons entitled to them. We do not attempt at this time to say how this shall be done, nor to suggest what proceedings in equity may be taken to compel a proper distribution of these funds ratably to all creditors, or if none, for their return to the corporation or its stockholders. The appeal for the reasons stated should be dismissed, with costs.

LEHMAN, J. (dissenting). The plaintiffs began their action against the Second Russian Insurance Company before the order was made authorizing the Superintendent of Insurance to take possession of the property of the insurance company and conserve its assets. Actions pending against the insurance company might doubtless be stayed for the purpose of preventing interference with the Superintendent of Insurance in the proper exercise of his duties under the order so that the purpose of such order might be effectuated. Discretion doubtless exists in the Supreme Court to refuse to modify a stay so granted where the effect of permitting the continuance of pending actions might perhaps have such result. In the present case there is no proof of insolvency on the part of the insurance company and it has not been placed in the hands of a receiver or had its property sequestrated in its domiciliary State or country or in any other State or country. In no forum here or elsewhere can the plaintiffs in these two actions prove their claim and secure satisfaction, if their claims are valid, except by action. So long as the Superintendent of Insurance holds these assets, the plaintiffs cannot share in them even when the classes of creditors described in section 27 have been paid. Until further direction or judgment of the court taken in some other proceeding or action, these assets in the hands of the Superintendent

of Insurance could not be reached or used for payment of any judgments which the plaintiffs might obtain if the stay were modified. So long as no forum exists for proof of claims except by action, I do not believe that the court has discretion to continue a stay which prevents proof of claim by the prosecution of the pending actions, so that at the appropriate time the plaintiffs, if they establish their claims, may take proceedings to secure payment out of assets still remaining in the hands of the Superintendent of Insurance. Equality between creditors is not equity unless the debtor is insolvent and its assets are made applicable to the payment of the claims of creditors according to the priority fixed by law.

The orders should be reversed and motion granted.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and O'BRIEN, JJ., concur; LEHMAN, J., dissents in opinion, in which KELLOGG, J., concurs.

Appeal dismissed.