In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Conserve the Assets for the Benefit of the Creditors of the RUSSIAN REINSURANCE COMPANY OF PETROGRAD, RUSSIA, and the Interests of Its Policyholders, Creditors, Stockholders and the Public.

RUSSIAN REINSURANCE COMPANY OF PETROGRAD, RUSSIA, Appellant, Respondent; THE PEOPLE OF THE STATE OF NEW YORK and Others, Respondents, Appellants.

MOSCOW FIRE INSURANCE COMPANY OF MOSCOW, RUSSIA, and Others, Appellants, Respondents; THE PEOPLE OF THE STATE OF NEW YORK and Others, Respondents, Appellants.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Conserve the Assets for the Benefit of the Creditors of the NORTHERN INSURANCE COMPANY OF MOSCOW, RUSSIA, and the Interests of Its Policyholders, Creditors, Stockholders and the Public.

NORTHERN INSURANCE COMPANY OF MOSCOW, RUSSIA, and Others, Appellants, Respondents; THE PEOPLE OF THE STATE OF NEW YORK and Others, Respondents, Appellants.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Conserve the Assets for the Benefit of the Creditors of the SECOND RUSSIAN INSURANCE COMPANY, and the Interests of Its Policyholders, Creditors, Stockholders and the Public.

SECOND RUSSIAN INSURANCE COMPANY and Others, Appellants, Respondents; THE PEOPLE OF THE STATE OF NEW YORK and Others, Respondents, Appellants.

First Department, March 30, 1928.

**Insurance — foreign Russian insurance companies — proceedings to settle claims of defunct insurance companies — receivership vacated — order permitting referees to take testimony outside State vacated — Superintendent of Insurance should pay local claims and possibly local creditors first — return of surplus to Russia will not be justified under present governmental conditions there — Superintendent of Insurance will devise plan for settlement of claims to amount of surplus — disputed questions as to claims to be heard before referees — no right to jury trial.**

This proceeding involves defunct Russian insurance companies and the settlement of claims against them. It is the policy of this State to avoid receiverships for the distribution of assets of insurance companies and to require distribution through the Department of Insurance. Therefore, the orders appealed from, in so far as they relate to the appointment of receivers, are reversed. The reversal of that part of the orders necessarily nullifies the direction that all future applications as to matters embraced in the receiverships should be made to the justice who signed the orders.

It was improper to grant the referees a roving commission to act as commissioners and to take testimony without the State and that part of the order is eliminated. The advisability of taking testimony without the State should be determined in each specific case as it arises.

The deposited assets of the insurance companies as well as the free assets which are in the hands of the Superintendent of Insurance should first be applied to the payment of local claims and possibly of local creditors. Ordinarily the surplus would be turned over to the liquidating officer or agent in the home jurisdiction of the insurance company but in this case it is reasonably certain that if the surplus is so turned over, the so-called Soviet government of Russia will not permit it to be distributed to those entitled thereto, and, since the guiding principle in the distribution of the assets of a defunct insurance company is to satisfy the ends of equity and justice, the Superintendent of Insurance should devise a plan whereby those entitled to the surplus may have the opportunity of receiving it. The Superintendent of Insurance is authorized to present such a plan on a renewed application at Special Term.

Irrespective of whether the appeals taken are technically sufficient to raise all questions embraced in the order of the Superintendent of Insurance, all disputed questions as to the claims, allowances and such matters should be heard before the referees appointed and this applies as well to the classification of claims.

The parties are not entitled as a matter of right to a jury trial on questions arising as to the disposition of claims, allowances and the like.

The funds should not be held indefinitely if justice may be better served by a speedy distribution and in order that a distribution may be made within a reasonable time it may be most equitable to pay all the claims made rather than to hold the funds for a so-called government which would confiscate the surplus.

CROSS-APPEALS in each of the above-entitled proceedings from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 6th day of December, 1927.

Upon a motion to confirm the first report of the State Superintendent of Insurance as liquidator of United States branches of the separate insurance companies above named pursuant to section 63 of the Insurance Law (added by Laws of 1909, chap. 300, as amd. by Laws of 1912, chap. 217; Laws of 1913, chap. 29; Laws of 1918, chap. 119, and Laws of 1922, chap. 69) the court at Special Term *upon its own motion* added certain provisions to each order as granted whereby separate referees to take evidence and report to the court and two common receivers were appointed and directions made for the sequestration and conservation of assets and distribution denied in these proceedings.   From various parts of such added provisions of the orders the different parties above stated have appealed to this court.   No appeal has been taken by any one from the order confirming the report of the Superintendent of Insurance.

The opinion rendered by the Special Term in each case is reported in the New York Law Journal for November 21, 1927, at page 864, under the title of *People ex rel. Beha* v. *First Russian Ins. Co. et al.,* with a decision in the companion cases, wherein the Special Term stated its reasons for granting the orders as entered.

*Joseph C. H. Flynn, Deputy Attorney-General,* of counsel [*Albert Ottinger, Attorney-General*], for the Superintendent of Insurance and the People of the State of New York.

*Clarence C. Fowler* of counsel [*Alfred C. Bennett, Francis P. Ward, John M. Downes* and *Grace G. Dorn* with him on the brief], for the Superintendent of Insurance of the State of New York, as liquidator and trustee.

*Walter H. Pollak* of counsel [*Ruth I. Wilson* with him on the brief; *Engelhard, Pollak, Pitcher & Stern,* attorneys], for G. Frank Dougherty, assignee of foreign claims.

*Borris M. Komar,* for James A. Tillman.

*Paul Bonynge* of counsel [*William H. Harding* with him on the brief; *Bonynge & Barker*, attorneys], for Henry L. Lesch and Daniel A. Dorsey.

*Wendell P. Barker* of counsel [*Paul Bonynge* and *William H. Harding* with him on the brief; *Bonynge & Barker*, attorneys], for the Northern Insurance Company of Moscow, Second Russian Insurance Company, Secrus Securities Corporation, Bonynge & Barker and William H. Harding.

*Mortimer W. Byers*, for Mortimer W. Byers and others, as substituted trustees.

*Frederick B. Campbell* of counsel [*Paul C. Whipp* with him on the brief], for the Russian Reinsurance Company of Petrograd, Russia; First Russian Insurance Company, established in 1827; Moscow Fire Insurance Company of Moscow, Russia.

*Albert Massey* of counsel [*Michael S. Gleason* with him on the brief], for the Second Russian Insurance Company in the James, Murphy, Jellum Hamburg and Behre actions and creditor in person.

*David Rumsey* of counsel [*Louis J. Wolff* with him on the brief; *Rumsey & Morgan*, attorneys], for Fred S. James & Company.

*Milton B. Ignatius* of counsel [*Cabell, Ignatius & Lown* with him on the brief; *William B. Devoe*, attorney], for the Hamburg Insurance Company and Ernst Behre and others.

*Milton B. Ignatius* of counsel [*Blaine F. Sturgis* with him on the brief; *Cabell, Ignatius & Lown*, attorneys], for the London and Lancashire Fire Insurance Company and the Orient Insurance Company, creditors of the Russian Reinsurance Company.

*Albert Massey* and *Michael S. Gleason*, *amici curiæ*.

MARTIN, J.   The policy of the State of New York expressed in statutes and decisions is to avoid expensive receiverships for the distribution of the assets of insurance companies, a method which experience has proved wasteful when compared with liquidation through the Department of Insurance.   (*Reed* v. *Squire Co., Inc.,* 217 App. Div. 494; *Matter of Casualty Co. of America* [*Rubin Claim*], 244 N. Y. 443; *Matter of Knickerbocker Life Insurance Co.,* 209 App. Div. 524.)   So far, therefore, as the orders appoint receivers they are unauthorized and must be reversed.

The purposes of the statute are embodied in a report of the New York State Senate Committee of 1883, which contains the following:

" The enormous expenses incurred in the administration of the fund — these expenses being of two kinds, legal expenses, so called, which include fees to counsel, referees, receivers and court fees; other expenses consisting of office rent, clerk hire, traveling expenses, payments to experts, bookkeepers and accountants, maintenance and repairs of real property, and payment of taxes on the same. Large items of miscellaneous expenditure not included in the foregoing expenses.   *   *   *

" To remedy these various evils under the laws as they exist, and as they are administered today, is the province of the wise legislator. The Committee respectfully suggests that in lieu of the numerous receivers variously appointed to administer the trusts of insolvent corporations that a department of the State government should be established for the discharge of the duties in the capital of the State and under rules established and principles laid down for the administration of the various trusts now scattered in the hands of receivers, and the various trusts that are likely hereafter to arise from the insolvency of corporations." (See N. Y. Sen. Doc. 1883, vol. 2, No. 38, pp. 8, 9.)

With the reversal of the part of the orders referred to, the direction that all future applications as to matters embraced in the receiverships are to be made to the justice who signed the orders also fails.

The provisions allowing the referees a roving commission to act as commissioners to take testimony without the State of New York, upon the consent of the attorney for the Superintendent of Insurance and of the attorney for any claimant, should be eliminated and the question left to the court to decide in each instance. It seems to us that the advisability of incurring expense to obtain depositions and of paying same out of the funds of the companies being liquidated, should be determined in each instance by the court after an examination of the facts upon which the application is based. Such course will serve as a proper protection of the funds.

The deposited assets, as well as the " free " assets which have come into the hands of the Superintendent of Insurance, should first be applied to the payment of local claims and, possibly, of local creditors. Thereafter, in the ordinary case, the " surplus " is turned over to the liquidating officer or agent in the home jurisdiction of the foreign company. This, however, is not an ordinary case. It appears that the Russian Soviet government has confiscated the assets of the foreign parent companies and extinguished claims existing within the jurisdiction of the government against the parent organizations. Ordinarily the New York

State Superintendent of Insurance in cases of this kind is an ancillary receiver by whom such " surplus " is turned over to the official liquidating the foreign parent company in its home jurisdiction. This is the result of both statutes and decisions interpreting them.

In the cases before us, however, it may be that the " surplus " would not be distributed in Russia among the creditors and stockholders. Their rights and everything of such character have been, it seems, confiscated.

Turning in this situation to the statutes and the decisions interpretative of them, we find that equity and justice are the ends to be served. If they cannot be served by the Superintendent of Insurance acting with the usual powers and duties of an ancillary receiver, there must be adopted a plan adequate to meet the necessities of the case.

That the Superintendent of Insurance contemplated submitting a plan appears from the briefs filed here on his behalf. It is stated that he was deterred by the disposition of the matter at Special Term. Under the circumstances, we believe that to this extent he may renew his application at Special Term and to the justice at the time presiding, for further consideration and disposition. It is the duty of the Superintendent of Insurance to conserve the assets of the companies; but his disposition of the claims and other matters is subject to the direction and approval of the court.

He is a public trustee of the funds involved; and it is the duty of the court to supervise his acts and conduct in the premises. (*Matter of Casualty Co. of America* [*Rubin Claim*], 244 N. Y. 443.) We accordingly are of the opinion that, regardless of whether the appeals taken are technically sufficient to raise all questions embraced in the confirmation of the report of the Superintendent of Insurance by the orders involved, all disputed questions as to claims, expenses, allowances and other matters should be heard before the referees appointed.

This applies also to questions as to the classification of claims, complaint being made that the Insurance Department has erroneously given to certain claims or claimants the standing ordinarily held by creditors in the parent jurisdiction. It is asserted that the department has failed to give proper effect to the peculiar circumstances arising as a result of the actions of the Soviets.

The assertion that a jury trial is a matter of right in questions arising as to the disposition of claims, allowances and the like, is obviously and basically without merit.

Other questions which are raised as to the disposition of funds

and allowances, adjustment of claims, as well as the allowance of interest to domestic creditors, can be more satisfactorily disposed of after a plan for final disposition has been adopted.

We agree that the funds are not to be held " indefinitely," if justice is best served by a more speedy distribution. It may be most equitable to pay all the claims made rather than to hold the funds for a so-called government which would prevent any such " surplus " coming into the hands of those rightfully entitled thereto.

The orders should, therefore, be modified as indicated above. In addition, the provisions for receiverships should be eliminated. All disputed questions as to the amount and standing of claims, allowances and the like, are to be heard before the referees. In other respects the matters should be remitted to Special Term, to be disposed of in connection with the adoption of an adequate plan for a just and final disposition.

DOWLING, FINCH, McAVOY and O'MALLEY, JJ., concur.

In each case: Order modified as indicated in opinion. Settle order on notice.