In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Conserve the Assets for the Benefit of the Creditors of the SECOND RUSSIAN INSURANCE COMPANY, and the Interests of Its Policyholders, Creditors, Stockholders and the Public.

JAMES A. BEHA, Superintendent of Insurance of the State of New York, and Another, Appellants; SECOND RUSSIAN INSURANCE COMPANY and Others, Respondents.*

First Department, June 8, 1928.

* Appeal dismissed, 249 N. Y. 538.

*Clarence C. Fowler* of counsel [*Alfred C. Bennett* and *John M. Downes* with him on the brief], for the appellant the Superintendent of Insurance.

*Albert Massey*, in person, of counsel [*Michael S. Gleason* with him on the brief], for the appellant Albert Massey.

*Robert J. Sykes* of counsel [*William H. Harding* with him on the brief; *Bonynge & Barker*, attorneys], for the respondents Second Russian Insurance Company and Bonynge & Barker.

*Hartwell Cabell* of counsel [*Milton B. Ignatius* and *Blaine F. Sturgis* with him on the brief; *William B. Devoe*, attorney], for the respondents Hamburg Insurance Company and Ernst Behre and others.

McAvoy, J. This order, made at Special Term, Supreme Court, New York county, modified a general stay contained in the liquidation order in these proceedings entered on May 22, 1925, so as to permit certain creditors to proceed with actions pending in the Supreme Court against the Second Russian Insurance Company.

It provided:

(1) That the motion to modify the injunction order of May 22, 1925, is granted to the extent hereinafter indicated and the motion for the appointment of a receiver is denied on the ground that receivers have heretofore been appointed (by Mr. Justice VALENTE December 5, 1927);

(2) That the Behre and Hamburg actions against the Second Russian Insurance Company retain their place upon the calendar and proceed to trial to and including the entry of judgment and that the receivers of the Second Russian Insurance Company, Hon. Robert F. Wagner and James F. Cavagnaro, and James A. Beha, as Superintendent of Insurance of the State of New York, be joined as defendants in the same.

(3) That the receivers and the Superintendent of Insurance and their successors be enjoined from transmitting or causing to be transmitted to any place outside the State of New York any money, property or funds, except so much as exceeds the sum of $300,000 of such assets in this State.

(4) That in the event of a recovery of judgment by either of said plaintiffs application may be made to issue execution upon the same or for other relief; and

(5) That Albert Massey was authorized to and does represent the Second Russian Insurance Company in the actions entitled *"Ernst Behre et al.* v. *Second Russian Insurance Company"* and *"Hamburg Insurance Company* v. *Second Russian Insurance Company,"* and that Messrs. Bonynge & Barker are authorized to and represent the Second Russian Insurance Company in the above-entitled proceeding and on this motion.

The Superintendent of Insurance has appealed from the above provisions of the order numbered 1, 2, 3 and 4, except so much of No. 1 as denies the appointment of a receiver, and Albert Massey has appealed from so much of provision No. 5 as determines that Messrs. Bonynge & Barker are authorized to and represent the Second Russian Insurance Company in the above-entitled proceeding and on this motion.

We think that our recent order reversing the appointment of receivers and providing for the presentation at Special Term of a general plan for the distribution of the surplus assets of the Second Russian Insurance Company now in the hands of the Superintendent of Insurance, involves the determination of the claims of foreign creditors in litigation in our courts, and any determination of such claims under any plan should not be embarrassed by continuance of litigations which may preclude their inclusion therein. The direction of the present order that the two stated actions retain their place upon the calendar and proceed to trial will clearly be inconsistent with any such plan if it is designed to be inclusive of all claims to the fund. Such provision should, therefore, be reversed.

We conclude, too, that the making of the Superintendent a party to said actions is improper since such officer is, when liquidating a foreign insurance company, an ancillary receiver only and not

authorized to pass upon foreign claims. He cannot, therefore, be considered a necessary or proper party to a law action. (*Matter of People* [*City Eq. Fire Ins. Co.*], 238 N. Y. 147, 156; *Matter of People* [*Second Russian Insurance Co.*], 244 id. 606, 607.)

Our prior decision (*Matter of Second Russian Ins. Co.* [*Hamburg Ins. Co.*], 219 App. Div. 46) and the dismissal by the Court of Appeals of the appeal taken as a matter of right (244 N. Y. 606) and the subsequent denial by this court of the motion to reargue or for leave to appeal to the Court of Appeals (219 App. Div. 825) are *res adjudicata* against the plaintiffs in the law actions by the Hamburg Insurance Company and Behre and others, and those decisions require a reversal of that part of the order appealed from which modifies the injunctions contained in the order of May 22, 1925, and grants leave to the plaintiffs to proceed to the trials of their actions and the entry of judgments.

We must rule likewise that the order appealed from in so far as it joins the receivers as parties defendant in the action and in so far as it enjoins the receivers from transmitting the surplus outside of the State of New York, should be reversed, as the order appointing such receivers has been reversed. Besides, the order appealed from should be reversed in so far as it grants leave to apply for leave to issue execution upon any judgment recovered in the two suits, *supra*, because such provision falls with the reversal of the order permitting the prosecution of the suits. That part of the order appealed from in so far as it enjoins the Superintendent of Insurance from transmitting funds of the Second Russian Insurance Company outside the State, exceeding the sum of $300,000, should also be reversed, because these creditors have no lien at law or by judgment against these funds. They are mere claimants, not judgment creditors and wherever the funds are transmitted by the Superintendent under the law, whatever rights, if any, these suitors have will follow them.

As to the appeal by Albert Massey we think that the vexed situation involved as to the proper appearance was reasonably solved below and, therefore, the order should be affirmed in that respect.

The order in so far as appealed from by the Superintendent of Insurance is reversed in so far as it modifies the injunctions contained in the order of May 22, 1925, and grants leave to the plaintiffs in the two actions mentioned to proceed to the trial of their actions and the entry of judgment; in so far as it joins the receivers and the Superintendent of Insurance in the actions; in so far as it enjoins the receivers and the Superintendent of Insurance from transmitting outside of the State and to others any surplus money, property or

funds of the Second Russian Insurance Company except such as exceeds the sum of $300,000 of its assets in this State; and in so far as it grants leave to apply for leave to issue execution upon any judgment recovered in the two suits, with ten dollars costs and disbursements to the appellant Superintendent of Insurance, and the motion to modify the order of May 22, 1925, denied. The order in so far as it is appealed from by Albert Massey should be affirmed.

DOWLING, P. J., FINCH and MARTIN, JJ., concur; PROSKAUER, J., dissents in part.

PROSKAUER, J. (dissenting). While I agree to the modification of the order in some of its details, I dissent from the reversal.

The respondents assert a cause of action against the Second Russian Insurance Company. Their claim is not provable in the liquidation proceeding because they are non-residents. They are stayed from prosecuting to judgment their claim in a separate action by an injunction contained in the liquidation order. Their application for a modification of the injunction was denied in *Matter of Second Russian Ins. Co. (Hamburg Ins. Co.)* (219 App. Div. 46). The Court of Appeals dismissed an appeal from the order of this court on the ground that the determination involved merely the exercise of a discretion. (*Matter of People [Second Russian Insurance Co.],* 244 N. Y. 606.) It intimated, however, that at some future time " after the payment of all domestic creditors [the Superintendent of Insurance] must turn over the funds to the persons entitled to them. We do not attempt at this time to say how this shall be done, nor to suggest what proceedings in equity may be taken to compel a proper distribution of these funds ratably to all creditors, or if none, for their return to the corporation or its stockholders." Almost two years have elapsed since that order was made and respondents have endeavored in every conceivable form of application to be advised by the courts in what manner they will be permitted to litigate their claim. The present application is denied on the ground that our former decision was *res adjudicata* and on the further ground that the respondents may secure ample relief through the remedy suggested in *Matter of Russian Reinsurance Co. of Petrograd* (223 App. Div. 378).

I cannot see how the denial of a motion in the exercise of discretion in 1926 is *res adjudicata* on this motion. The facts alleged on this motion are different from those set forth on the prior application. Moreover, it has become increasingly apparent that the predicament of the respondents should be a potent incentive to a judicial determination of what their course should be.

The majority opinion suggests that the decision in *Matter of Russian Reinsurance Co. of Peirograd* (223 App. Div. 378) justifies the denial of this motion. That opinion remits the proceedings to the Special Term " to be disposed of in connection with the adoption of an adequate plan for a just and final disposition," but still fails to indicate to the Special Term what its action should be, for the reason that " the Superintendent of Insurance contemplated submitting a plan "— the nature of which is not stated. So far in the course of this litigation he has not only submitted no plan, but he has definitely refused to take any positive position (*Matter of Northern Insurance Co. of Moscow*, 223 App. Div. 870). The time has now come, in my opinion, when it is the duty of the courts to grapple with this situation and make some specific determination.

I can see no possible objection to a modification of the injunction contained in the liquidation order to permit these respondents to assert their claim by suit. The Superintendent of Insurance has in his possession nearly half a million dollars over and above what is required to respond to all claims provable before him against the fund in his hands. The State of New York has no interest in the disposition of this surplus, save to see that it goes to parties legally entitled to it. No consideration of public interest exists to move the court to debar these creditors from prosecuting their claim to judgment. Such a right would in no wise interfere with the possession of the fund by the liquidator.

While the injunction against the Superintendent of Insurance restraining him from transmitting the surplus outside of the State is too broad, it should issue to the extent of requiring him to hold this surplus until further order of the court made upon notice to the attorneys for the claimants. Thus, when the Superintendent is ready to pay over the money, the court can hear the claim of these respondents in the light of the situation as it exists. All that is immediately required is that the respondents be allowed to prosecute their action. This they can do with no embarrassment whatever to the Superintendent of Insurance or to the rights of any New York creditor.

Order so far as appealed from by the Superintendent of Insurance of the State of New York, as liquidator, etc., reversed, with ten dollars costs and disbursements to the said appellant, and motion to modify order of May 22, 1925, denied. Order so far as appealed from by Albert Massey, individually, etc., affirmed.