THOMAS J. BATA et al., Appellants, *v.* JAN A. BATA, Respondent.

Submitted January 15, 1951; decided March 8, 1951.

LOUGHRAN, Ch. J.  In this action, the plaintiffs demand judgment (1) directing the defendant to turn over to them a rather large number of written instruments each of which apparently evidences a proportionate interest in the assets of one or more of an assemblage of companies located in foreign countries; and (2) directing the defendant to account to the plaintiffs for dividends, income and profits produced by such securities.  The documents so demanded are said to have been owned in his lifetime by Thomas Bata whose sole heirs the plaintiffs claim to be.  None of the parties to this litigation resides in the United States.

The plaintiffs applied ex parte for an order of arrest pursuant to section 827 of the Civil Practice Act.  Special Term granted that motion and thereafter the defendant was imprisoned in the New York County Civil Jail.  He then moved under section 844 of the Civil Practice Act for an order vacating the order of arrest and, after denial of that motion, he appealed to the Appellate Division where (1) the order of denial was

reversed " on the law and the facts and in the exercise of discretion "; (2) the order of arrest was vacated; and (3) the plaintiffs were granted leave to appeal to this court upon the following questions certified:

" 1. Does the Court of Appeals have jurisdiction to review the order of this Court reversing upon the facts and the law and in the exercise of discretion, the order of Special Term denying defendant's motion to vacate the *ex parte* order of arrest made by Special Term and granting said motion?

" 2. If the answer to question No. 1 is ' Yes ', then did the Appellate Division err in reversing the order of Special Term denying defendant's motion to vacate the *ex parte* order for his arrest and in granting the motion? "

The order whereby the Appellate Division vacated the arrest is not a final determination. Hence this appeal to us is authorized only by the order permitting it and only within the limits of the two questions therein certified (Civ. Prac. Act, § 589; *Holmes* v. *McCrory,* 234 N. Y. 532; *Morris Plan Ind. Bank of N. Y.* v. *Gunning,* 295 N. Y. 640).

The first question certified — whether this court has jurisdiction to review the order whereby the Appellate Division vacated the arrest — could not possibly have been decisive of the correctness of the determination of that court. Hence we cannot answer the first question certified (Civ. Prac. Act, § 589, subd. 3, par. [b] ).

The second question certified is so fashioned as to make an answer thereto turn on an antecedent affirmative answer to the now unavailing first question. Even so, the second question, we think, can be interpreted as posing only the separate issue whether the Appellate Division here had power to deny the provisional remedy of arrest to the plaintiffs. As so interpreted, however, the second question may be answered by us only if that question determines as matter of law whether the remedy of arrest should be granted or denied (*Braunworth* v. *Braunworth,* 285 N. Y. 151, 154). But in an equity case the remedy of arrest is discretionary (Civ. Prac. Act, § 827) and, as the present order of the Appellate Division makes plain, its refusal of that remedy rested upon a permissible exercise of discretion.

Thus we find ourselves without power to answer either of the two questions certified and consequently we dismiss this appeal upon the defendant's motion for that relief. Motion granted and appeal dismissed, with costs and $10 costs of motion.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.