JEANETTE M. ZLOTLOW, Also Known as JEANETTE M. LOWE, Respondent, *v.* ISIDORE ZLOTLOW, Also Known as ERWIN S. LOWE, Appellant.

First Department, February 23, 1955.

*Frank Kreitzberg* of counsel (*Robert Siegel* with him on the brief; *Siegel & Markel,* attorneys), for appellant.

*Arthur N. Field* for respondent.

*Per Curiam.* On January 22, 1954, an ex parte application for an order of arrest, made by plaintiff wife, against defendant husband, was denied at Special Term for the reason that sufficient facts were not shown to justify the granting of such an order. Ten days later, plaintiff successfully renewed the application upon the additional claim that she was unable to contact or reach defendant at any place in the city of New York, and that defendant had informed plaintiff he was going to leave the country. From the order denying the motion to vacate the latter order, this appeal has been taken.

Section 827 of the Civil Practice Act permits an order of arrest to be entered " where the defendant is not a resident of the state, or, being a resident, is about to depart therefrom, by reason of which nonresidence or departure there is danger that a judgment or an order requiring the performance of the act will be rendered ineffectual." The remedy, however, in an equity case is discretionary. (*Bata* v. *Bata,* 302 N. Y. 213, 215.)

It affirmatively appears that defendant for the past twenty years has resided in this State; that he is the sole owner of the stock of two large corporations located in New York City; and that he has been completely obedient to the judgment of this court since its entry more than four and a half years ago, requiring payment by him of $225 weekly for the support of plaintiff and $50 weekly for the support of their child. On this record there does not appear to be a sufficient factual basis for plaintiff's claim that defendant is not a resident, or that being a resident is about to depart from this State, by reason of which departure the requirements of the court's decree would be rendered ineffectual.

In the circumstances, we think that in the proper exercise of the court's discretion, the Special Term should have vacated the order of arrest. The order should be accordingly reversed and the motion is in all respects granted.

PECK, P. J., COHN, CALLAHAN, BASTOW and RABIN, JJ., concur.

Order unanimously reversed. Settle order.