Chief Judge Desmond (dissenting).
The Appellate Division not only reversed on the facts as well as on the law but made it clear in its opinion which is incorporated into its order that even if there is power to amend such an injunction nevertheless “the Special Term improvidently exercised its discretion in amending the judgment so as to permit defendant to resume his activity as a stockbroker ”, I, too, assume the existence of a power to amend or vacate the Martin Act injunction. But it is the unvarying rule of this court that we will not review an *463 Appellate Division exercise of discretion overruling a Special Term exercise of discretion since “ we have no power to review discretionary orders ” (Matter of People [Second Russian Ins. Co.], 244 N. Y. 606, 607). Where the Appellate Division reverses a Special Term grant of a motion to correct and amend a judgment made in the exercise of discretion ‘1 no question is presented which we can reach ” (Hansen v. City of New York, 299 N. Y. 136,139). The only exception to this is when the Appellate Division’s exercise of discretion is so outrageously wrong as to amount to an abuse of discretion as matter of law. Surely this is not such a case. The farthest we can go is to say that the lower courts may exercise their discretion to modify such an injunction as this. But when discretion has been exercised against modification there is nothing for the Court of Appeals to do except affirm. “ It is settled that the discretion of the Supreme Court is controlled by the Appellate Division (see specifically as to new trials, O’Connor v. Papertsian, 309 N. Y. 465, 471) and that a revision by the Appellate Division of a discretionary order of this character made at a Trial or Motion Term is accordingly a discretionary decision outside our power of review (Matter of People [Second Russian Ins. Co.], 244 N. Y. 606, 607; Hansen v. City of New York, 299 N. Y. 136; Bata v. Bata, 302 N. Y. 213, 215; Cohen and Karger, Powers of the New York Court of Appeals, p. 583).” (Gutin v. Mascali & Sons, 11 N Y 2d 97, 99.)
I would affirm.
Judges Fuld, Fboessel, Yaw Yoobhis, Burke and Fosteb concur in Per Curiam opinion; Chief Judge Desmond dissents in an opinion in which Judge Dye concurs.
Order reversed and matter remitted to Special Term for further proceedings in accordance with the opinion herein.