RUTH E. BUSK, Appellant, v. CHARLES W. BUSK, Respondent.— In an action by a wife for a judicial separation or, in the alternative, for an annulment of the marriage, in which the husband counter-claimed for an annulment of the marriage, the plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County, dated May 22, 1962, as: (a) denied her motion for summary judgment to dismiss defendant's counterclaim, on the basis of official records which establish a defense to such counterclaim (Rules Civ. Prac., rule 113, subd. 4); (b) dismissed her cause of action for a separation; and (c) severed the action so as to continue it with respect to plaintiff's cause of action and defendant's counterclaim for an annulment (229 N. Y. S. 2d 904). Order modified by striking out its second decretal paragraph which dismissed plaintiff's cause of action for a separation and which severed it from the remaining cause of action and counterclaim for a separation. As so modified, order, insofar as appealed from, affirmed, without costs. In our opinion, the documentary evidence offered in support of the wife's motion for summary judgment was an insufficient basis for the finding at Special Term (see 229 N. Y. S. 2d 904) that the first Mexican divorce decree was of the " mail-order " variety proscribed in this State, and that consequently the parties are not validly married. The determination of the issues concerning the validity of the marriage raised by the pleadings, particularly with respect to the defense of *res judicata* and estoppel, should be resolved upon proof to be adduced upon a plenary trial. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

HAROLD G. BROWN, Appellant, v. MORRIS BERLER et al., Doing Business under the Name of BERLER & BERLER, Respondents, et al., Defendants.— In an action to recover damages for malicious prosecution and abuse of process, plaintiff appeals from an order of the Supreme Court, Nassau County, dated July 27, 1962, which granted a motion by defendants Morris Berler and Howard Berler for summary judgment dismissing the complaint as to them, pursuant to rule 113 of the Rules of Civil Practice. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion issues of fact are presented which preclude the granting of summary judgment. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

RUTH E. BUSK, Respondent, v. EZYINDEX PRODUCTS CORP. et al., Appellants.— In an action for libel brought by the plaintiff (a former employee and sales representative of the corporate defendant) to recover damages for the writing and publication of two letters, such letters having been written by the individual defendant on the stationery of the corporate defendant, having been signed by the individual defendant as its president, and having been mailed to numerous customers of said corporate defendant, both defendants appeal from an order of the Supreme Court, Queens County, dated July 19, 1962, which denied their motion to dismiss, for patent legal insufficiency, the two causes of action alleged in the complaint (Rules Civ. Prac., rule 106, subd. 4). Order affirmed, with $10 costs and disbursements. Defendants' time to answer the complaint is extended until 20 days after entry of the order hereon. No opinion. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.