■ JULIA S. DE BIERRE, Respondent-Appellant v. NICOLAS DARVAS, Appellant-Respondent.— Order, entered April 28, 1965, denying, among other things, defendant's motion, pursuant to CPLR 6113 and 6118, to vacate an order of arrest, after a hearing pursuant to CPLR 6113 and the order of this court (22 A D 2d 550), affirmed, without costs or disbursements to any party. The statute authorizes an order of arrest, among other things, where "the defendant is not a resident of the state or is about to depart therefrom, by reason of which non-residence or departure there is a danger that such judgment or order will be rendered ineffectual" (CPLR 6101). The ground is stated in

the disjunctive, that is, the defendant must be a nonresident *or* is about to depart from the State. This court, on the prior appeal, so parsed out the operative facts (22 A D 2d 550, 552, fourth and fifth pars.). In any event, the statutory language is, in this respect, explicit and clear enough. Defendant concedes his nonresidence. The other circumstances, namely, defendant's nominal and actual residences in France, his citizenship in Iran, his globe-trotting past and present, as well as the fluidity of his visible assets, establish the likelihood that a final judgment of the court enforcible as for a contempt might be frustrated by removal of defendant's person and assets from this jurisdiction. This amply satisfies the other condition of CPLR 6101 (subd. [2]). As for the kind of cause of action involved and its prima facie sufficiency as required by CPLR 6101 (subd. [2]) in order to obtain an order of arrest, defendant on the hearing conceded that this condition was met. Consequently, it is not necessary to reach a finding, albeit Special Term did, on the veritability of plaintiff's testimony, corroborated by her friend, as to defendant's statement that he threatened to flee the jurisdiction. Such a finding might be necessary, if defendant were a resident, or if the other circumstances in the case were inadequate to establish defendant's rootlessness and extreme mobility, as well as the fluidity of his assets. Concur — Breitel, J. P., McNally, Eager and Staley, JJ.; Valente, J., dissents in the following memorandum: I dissent and would vacate the order of arrest obtained pursuant to CPLR 6101 (subd. 2). In *Bata* v. *Bata* (277 App. Div. 335, 340, app. dsmd. 302 N. Y. 213) this court, per Van Voorhis, J., pointed out that civil arrest, which embodies the old writ of *ne excat*, "is a drastic remedy seldom resorted to in this country in the present era * * * and that it should not be used except where the right to it is absolutely clear". It was incumbent on plaintiff to demonstrate that defendant's nonresidence or a proposed departure from the State created a danger that the judgment demanded by plaintiff would be rendered ineffectual. In *De Bierre* v. *Darvas* (22 A D 2d 550) this court directed a hearing, as required by article 61, CPLR "to permit an immediate determination of whether the extrinsic facts relied upon by plaintiff to procure the arrest actually exist" (p. 552). We there said (p. 553) that the court, on the hearing "must decide the limited issues according to the just preponderance of proof". As I view the testimony at the hearing, plaintiff claimed that in the presence of a friend, Anka Crane, during one brief conversation in the Hotel Plaza lobby, defendant threatened flight from the jurisdiction to frustrate efforts to call him to account. Apart from defendant's plausible denial that any such conversation took place, when the testimony as to this one alleged conversation is viewed against the background of a number of inconsistent sworn statements made by plaintiff and defendant's actual conduct, I am impelled to conclude that it is so insufficient as to amount to no evidence at all. It can hardly be considered of sufficient weight, as a matter of law, to sustain the burden placed on plaintiff of preponderating with proof of the extrinsic facts necessary to support an order of arrest. I cannot permit myself to agree that so drastic a remedy can be obtained upon so gossamer a basis. In effect, to allow an order of arrest under such circumstances makes every non-resident subject to arrest in a proper equitable action. That surely was not the intent of the Legislature in curtailing the right to civil arrest when the CPLR was adopted. This most drastic of provisional remedies should be restricted to cases where there is clear proof of its necessity. This is not such a case.