■ SYLVIA SANDFIELD, Respondent, v. LOUIS GOLDSTEIN et al., Appellants.— MEMORANDUM BY THE COURT. Appeal from an order of the Supreme Court at Special Term entered in Fulton County, appointing a Receiver of the property of Thruway Outdoor Theatre Corp. in a pending shareholder's derivative action. Prior to the obtaining of an order to show cause for the appointment of a Receiver, a decision had been handed down by a Referee which determined that the appellant Goldstein as of March 31, 1964 had misappropriated some $18,952.82 belonging to the appellant corporation and directed that judgment be entered for the repayment of such amount. The Referee also directed a judgment enjoining Goldstein's continuance as manager. A judgment had not

been entered as of the date of the entry of the order appealed from. The order does not specify as to whether the Receiver appointed is a permanent Receiver or a Temporary Receiver. We find that the order appoints a Temporary Receiver pending the outcome of the litigation and accordingly, such of the appellants' arguments in this court as question the power of Special Term to appoint a Permanent Receiver are not applicable to this appeal. "The power to appoint a receiver of the property of a corporation is inherent in the Supreme Court, and was recognized in *Hegewisch* v. *Silver* (140 N. Y. 414, 420)." (*Popper* v. *Supreme Council*, 61 App. Div. 405, 406–407; see, also, *Matter of Burge* [*Oceanic Trading Co.*], 203 Misc. 677, 682.) Assuming, but not conceding, that a Referee has the power to appoint a Temporary Receiver (CPLR 4301), that fact would not prevent the exercise of such power by Special Term. While the complaint demanded the appointment of a Receiver, no application was made to the Referee in this case for the appointment of a Temporary Receiver. The findings of the Referee as to waste and mismanagement were sufficient to warrant the exercise of such power by Special Term pending a final judgment in the action. We decide no other issue. Order affirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court.