■ JENNIFER P. GUCCI, Respondent-Appellant, v PAOLO GUCCI, Appellant-Respondent, and MILLFIELD STABLES, INC., et al., Appellants. [624 NYS2d 403] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about January 20, 1994, which, *inter alia,* appointed a temporary receiver for and enjoined the disposition of certain business properties controlled by the individual defendant, and adjudged defendant in contempt; order, same court and Justice, entered on or about February 10, 1994, which approved an agreement of sale and authorized related actions by the receiver; order, same court and Justice, entered on or about March 2, 1994, which approved the filing of a lis pendens by

the receiver with related relief; order, same court and Justice, entered on March 10, 1994, which granted reargument of the order appointing a receiver, and, upon reargument, increased the number of properties under receivership; supplemental order, same court and Justice, entered on April 6, 1994, which supplemented an earlier warrant of commitment and directed the Sheriff to commit defendant into the custody of the Department of Correction; supplemental order, same court and Justice, entered on April 7, 1994, which supplemented earlier warrants of commitment and directed the Sheriff to commit defendant into the custody of the Department of Correction; order, same court and Justice, entered on or about June 8, 1994, which, in relevant part, granted plaintiff's motion to hold defendant in contempt, denied defendant's cross motion to dismiss the complaint, awarded plaintiff attorney fees in the amount of $5,000 and granted plaintiff's motion for leave to amend her complaint; and order, same court and Justice, entered September 13, 1994, which, in relevant part, adjudged defendant in contempt with related relief, unanimously affirmed, with one bill of costs.

The challenges to the orders appointing the receiver and authorizing her actions are moot since all of the receivership assets are now in the control of a Federally appointed bankruptcy trustee. Under Bankruptcy Code (11 USC) §§ 323, 1106 and 1108, defendant is no longer aggrieved by orders affecting the property in the bankruptcy estate, and the trustee is the representative of the entire estate (see, In re Weston, 18 F3d 860, 863). In any event, the receivership orders were all properly made in view of the demonstrated waste and mismanagement of the Westchester County horse ventures (see, Sandfield v Goldstein, 29 AD2d 999).

Findings of contempt were justified by defendant's mere disobedience of the pendente lite injunctions, which are not directly challenged on appeal and with which defendant was required to comply (see, Matter of Bonnie H., 145 AD2d 830, 831, lv dismissed 74 NY2d 650), such disobedience having plainly defeated, impeded, impaired or prejudiced plaintiff's rights, and it being undisputed that defendant elected to disobey the injunctions (see, Walter Doors v Greenberg, 151 AD2d 550).

The issue of whether defendant's imprisonment was impermissibly punitive was rendered moot by his release. In any event, the arrest was properly made to prevent defendant

from continuing the "globe-trotting" activities *(see, De Bierre v Darvas,* 24 AD2d 858, 859, *appeal dismissed* 17 NY2d 576) and deceitful conduct *(see, Bon-R Reproductions v Markowitz,* 83 Misc 2d 856) he had been engaging in for months to evade his obligations to the court.

The IAS Court correctly found a triable issue of fact as to the validity of the marriage *(see, e.g., Busk v Busk,* 18 AD2d 700).* There was insufficient evidence to hold, as a matter of law, that the parties' Haitian marriage was void. Furthermore, the right to assert the invalidity of a marriage as a result of a defect in a foreign divorce decree "becomes clouded when the defendant who seeks to assert such affirmative defense obtained, or aided in obtaining, the foreign decree" *(Beavers v Beavers,* 11 Misc 2d 247, 249, *mot to dismiss appeal granted* 6 AD2d 1041). Accordingly, even at trial, there is room to doubt that defendant will be able to employ, as a sword, a defective divorce decree for which he himself is responsible.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.