Chief Judge Desmond.
The Appellate Division determination which reverses a Trial Term order (Civ. Prac. Act, § 549) for a new trial in a personal injury action and reinstates the verdict for defendant is not subject to review by this court. Whether the Trial Justice set aside the no-cause verdict as against the weight of evidence or because of alleged improprieties (not objected to) in the defense summation, or for both those reasons, this court cannot re-examine the Appellate Division’s exercise of discretion in refusing to allow the new trial (Young v. Davis, 30 N. Y. 134; Kennicutt v. Parmalee, 109 N. Y. 650; Chesebrough v. Conover, 140 N. Y. 382, 387, 388-389; Cattano v. Metropolitan St. Ry. Co., 173 N. Y. 565, 572, 573; Standard Trust Co. v. New York Cent. & H. R. R. R. Co., 178 N, Y. 407, 409; Reehil v. Fraas, 197 N. Y. 64; Guido v. Delaware, L. & W. R. R. Co., 5 A D 2d 754, affd. 4 N Y 2d 981; Cohen and Karger, Powers of the New York Court of Appeals, pp. 597, 598). Unquestionably, there was a jury question here and plaintiff in effect so conceded by failing to move for a directed verdict. *99 The theory that the verdict arrived at was much against the weight of evidence could be argued to the Trial Term and to the Appellate Division but not to the Court of Appeals (Cohen and Karger, Powers of the New York Court of Appeals, p. 588, and cases cited in note 19). Appellate Division decisions (and McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 69) cited as holding to the contrary have nothing to do with this court’s power of review.
It is settled that the discretion of the Supreme Court is controlled by the Appellate Division (see specifically as to new trials, O’Connor v. Papertsian, 309 N. Y. 465, 471) and that a revision by the Appellate Division of a discretionary order of this character made at a Trial or Motion Term is accordingly a discretionary decision outside our power of review (Matter of People [Second Russian Ins. Co.], 244 N. Y. 606, 607; Hansen v. City of New York, 299 N. Y. 136; Bata v. Bata, 302 N. Y. 213, 215; Cohen and Karger, Powers of the New York Court of Appeals, p. 583).
Plaintiff argues that there was prejudicial error on the trial in the exclusion from evidence of exhibits for identification numbered 3 and 5, offered by plaintiff to prove the occurrence of, and defendant’s knowledge of, a similar accident two weeks earlier. Exhibit 3 was a notation made by a policeman as to the alleged prior occurrences and was probably inadmissible as representing hearsay and not knowledge of the witness himself (Johnson v. Luts, 253 N. Y. 124; Williams v. Alexander, 309 N. Y. 283). Exhibit 5 was defendant’s own record of the earlier accident. Probably it was admissible but the error was nonprejudicial since defendant’s own witnesses testified over and over again that defendant, before the time of the accident here directly involved, knew of complaints about flying stones and of an alleged injury from that cause. Accordingly, as plaintiff’s own Appellate Division brief stated, there was no real dispute about all this. No prejudice could result from the exclusion of more evidence to prove a conceded fact. The real defense accepted by the jury was that the accidental injury sued on was not caused by defendant.
The judgment should be affirmed, with costs.