*873 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division appealed from and the prior nonfinal order of the Appellate Division brought up for review should be reversed and the case remitted to that court for its review of the facts presented on the original appeal to the Appellate Division (CPLR 5613).
By failing to move for a directed verdict on the question whether plaintiff had sustained a "serious injury” under the No-Fault Insurance Law (Insurance Law §5102 [d]), plaintiff conceded the question to be one for the jury (Gutin v Mascali & Sons, 11 NY2d 97, 98; People v Davis, 231 NY 60, 63; Hopkins v Clark, 158 NY 299, 304-305; Hecla Powder Co. v Sigua Iron Co., 157 NY 437, 441; see, Thompson v City of New York, 60 NY2d 948, 949-950). The Appellate Division, therefore, exceeded its power of review when it determined that "as a matter of law” plaintiff’s unrebutted proof established that he had sustained a "permanent loss of use of a body function” (100 AD2d 577, 578) (e.g, People v Davis, 231 NY, at p 63, supra; see, Thompson v City of New York, 60 NY2d, at p 950, supra). Its prior order of reversal "on the law” was, therefore, erroneous.
As the prior nonfinal Appellate Division order necessarily affected its final order, reversal of the prior nonfinal order requires reversal of the final order. In any event, however, we would here have no occasion to consider the excessiveness issue raised by the appeal from the order affirming the later judgment. Should the Appellate Division reverse the judgment for defendant after reconsideration of the facts on the prior appeal, the result must be a new trial. Otherwise, the original judgment for defendant must be affirmed.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals .(22 NYCRR 500.4), order appealed from and prior order brought up for review reversed, with costs, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.