■ MARY WILLIAMS, as Administratrix of the Estate of THOMAS WILLIAMS, Deceased, Respondent, v CITY OF NEW YORK, Defendant, and MANHATTAN & BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants.—In a negligence action to recover damages for personal injuries and for wrongful death, the defendants Ralph Griffo and Manhattan & Bronx Surface Transit Operating Authority appeal from a judgment of the Supreme Court, Kings County (I. Aronin, J.), entered November 29, 1988, which, upon a jury verdict finding them 85% at fault in the happening of the accident and the plaintiff's decedent 15% at fault in the happening of the accident, and findings that the plaintiff's decedent suffered damages in the amount of $100,000 for conscious pain and suffering, and that the plaintiff sustained damages in the amount of $600,000 for wrongful death, is in favor of the plaintiff and against the defendants Ralph Griffo and Manhattan & Bronx Surface Transit Operating Authority in the principal sum of $595,000.

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, the plaintiff's cause of action to recover damages for conscious pain and suffering is dismissed, and a new trial is granted with respect to the cause

of action to recover damages for wrongful death on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for wrongful death, from $600,000 to $325,000, and the net award of damages to the plaintiff for wrongful death from the sum of $510,000 to the sum of $276,250 ($325,000 less 15%, representing the plaintiff's decedent's share of the fault), and to the entry of an amended judgment in the principal sum of $276,250 with interest from the date of the decedent's death at the rate of 3% per annum; in the event that plaintiff so stipulates, then the judgment as so reduced and amended, is affirmed, without costs or disbursements.

On December 7, 1983, the plaintiff's decedent, Thomas Williams, a pedestrian, was struck by a vehicle owned by the defendant Manhattan & Bronx Surface Transit Operating Authority and operated by its employee, the defendant Ralph Griffo. The plaintiff's decedent was at the time of the accident 20 years old and a high school graduate who had been employed at a McDonald's restaurant for three years, earning approximately $4,500 per year. He resided with the plaintiff, his mother, and four nieces and nephews. Testimony at the trial indicated that Williams contributed $50 per week toward the household, that he contributed about $10 worth of groceries per week to the household, that he helped the plaintiff, who suffered from arthritis, with household tasks and with the care of the children, that he bought his own clothes, that he planned or hoped to start college in the near future, and that he may have worked at some other jobs for extra money. Testimony also established that Williams was rendered unconscious by the accident, that although he once or twice reacted to painful stimuli by opening an eye, he was given no anesthesia during eight hours of surgery, was unconscious throughout, and did not during those eight hours respond to painful stimuli. Williams was pronounced dead approximately 17 hours after the accident. Liability is not at issue on this appeal.

Since the plaintiff's expert conceded that opening of an eye is not indicative of pain and since there is virtually no other suggestion that, from the time of the accident to the time of death Williams was conscious of any pain, the first cause of action to recover damages for pain and suffering should not have been submitted to the jury (see, *Fiederlein v New York*

*City Health & Hosps. Corp.,* 56 NY2d 573; *Parker v McConnell Mfg. Co.,* 40 AD2d 587; *see also, Nicastro v Park,* 113 AD2d 129, 132). Moreover, under the circumstances of this case we find that the award for wrongful death is excessive to the extent indicated *(see, Morales v City of New York,* 115 AD2d 439; *Rowan v County of Nassau,* 91 AD2d 608; *Brookman v Public Serv. Tire Corp.,* 86 AD2d 591). After application of the apportionment of fault arrived at by the jury, the judgment should be in the principal sum of $276,250. And although the plaintiff is entitled to interest on the wrongful death award from the date of death *(see,* EPTL 5-4.3), interest in this case is to be calculated at 3% per annum *(see,* Public Authorities Law § 1212 [6] ). Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.