■ JOSEPH L. CLEARY, as Administrator of the Estate of PAUL CLEARY, Deceased, Respondent, v LJR ASSOCIATES et al., Appellants, et al., Defendant. (And Third-Party Actions.) [604 NYS2d 140] —In a negligence action to recover damages for personal injuries and for wrongful death, the defendants LJR Associates, a partnership, Robert P. Reardon, and Charles Reardon, individually, as a partner of LJR Associates, appeal from so much of a judgment of the Supreme Court, Nassau County (Robbins, J.), entered May 21, 1991, as, upon a jury verdict finding them 8% at fault in the happening of the accident, and the third-party defendant Mark McCauley d/b/a Rainflow Continuous Guttering 92% at fault in the happening of the accident, is in favor of the plaintiff as Administrator of the Estate of Paul Cleary and against them in the principal sum of $50,000 for conscious pain and suffering of the plaintiff's decedent.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the plaintiff's cause of action to recover damages for conscious pain and suffering is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

We find that the trial court improperly submitted to the jury the issue of the decedent's alleged conscious pain and suffering due to the accident. When there is no evidence of consciousness after injury, a cause of action to recover damages for conscious pain and suffering should not be submitted to the jury *(see, Williams v City of New York,* 169 AD2d 713; *see also, Lates v Health Ins. Plan,* 19 AD2d 629, *affd* 13 NY2d 920; *Delosovic v City of New York,* 143 Misc 2d 801, *affd* 174 AD2d 407). In the case at bar, no evidence was presented that the decedent experienced any conscious pain or ever regained consciousness prior to his death. Accordingly, the plaintiff failed to make out a prima facie case with respect to conscious pain and suffering, and this issue was improperly submitted to the jury.

In view of our determination, we need not address the other issues raised on appeal. Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.