■ MICHAEL SEGAL, Respondent, v McDANIEL FORD, INC., Appellant. [608 NYS2d 324] —In an action to recover damages, *inter alia,* for breach of a contract to properly repair an automobile and for loss of use of that automobile, the defendant appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered January 14, 1991, which is in favor of the plaintiff and against it in the principal sum of $10,660.68.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contentions, we find that the plaintiff submitted sufficient evidence to sustain his claims for damages arising from improper repairs to his vehicle and loss of use of the vehicle (see, 36 NY Jur 2d, Damages, §§ 112-114). The testimony of the plaintiff, the only witness to testify at the trial, shows that the defendant repeatedly failed to repair the subject vehicle properly, that as a result of the repeated failure to correct the problem, the vehicle was in the defendant's shop for several months at a time, and that the plaintiff had to lease another vehicle for transportation to his place of employment. Moreover, the plaintiff submitted various cancelled checks which showed that while the plaintiff's vehicle was in the defendant's shop, the plaintiff leased a substitute vehicle under a four-year lease, with monthly payments of $356.

The defendant failed to move pursuant to CPLR 4401 for judgment at the close of the evidence on the issue of whether the plaintiff had established a cause of action and, therefore, implicitly conceded that the issue was for the trier-of-fact (see, Miller v Miller, 68 NY2d 871, 873; Gutin v Mascali & Sons, 11 NY2d 97). Here, the Trial Judge, sitting without a jury, credited the plaintiff's testimony in finding that the defendant breached an agreement to properly repair the vehicle. "The credibility of the witnesses, the reconciliation of conflicting statements, a determination of which should be accepted and which rejected, the truthfulness and accuracy of the testimony, whether contradictory or not, were issues for the trier of the facts * * *. The memory, motive, mental capacity, accuracy of observation and statement, truthfulness and other tests of the reliability of witnesses can be passed upon with greater safety by a trial judge who sees and hears the witnesses than by appellate judges who simply read the printed record" (Barnet v Cannizzaro, 3 AD2d 745, 747; see, Bandike Assocs. v B.B.M. Realty Corp., 44 AD2d 622). We find that the Trial Judge's conclusion was not against the weight of the evidence.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.