■ FRANK TORRILLO et al., Appellants, v COMMAND BUS COMPANY et al., Respondents. [614 NYS2d 756] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated October 5, 1992, which, upon a jury verdict, is in favor of the defendants dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A bus owned by the defendant Command Bus Company and operated by the defendant Gustav Nilsen collided with the rear of a vehicle operated by the plaintiff Frank Torrillo while the latter vehicle was legally stopped at the entrance to the Brooklyn Battery Tunnel in Manhattan. Subsequently, the plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by Mr. Torrillo as a result of the accident.

The plaintiffs appeal from a judgment in the defendants' favor based on a verdict after a trial by jury on the issue of liability only. They contend, *inter alia,* that they were entitled to judgment as a matter of law on the issue of negligence, and that the jury's verdict was against the weight of the evidence. We disagree.

Since the plaintiffs failed to move pursuant to CPLR 4401 for judgment at the close of the evidence on the issue of negligence, they implicitly conceded that the issue was for the trier of fact *(see, Miller v Miller,* 68 NY2d 871, 873; *Thompson v City of New York,* 60 NY2d 948; *Gutin v Mascali & Sons,* 11 NY2d 97; *Segal v McDaniel Ford,* 201 AD2d 717).

Moreover, the verdict was not against the weight of the

evidence. The standard to be applied here is whether the evidence preponderates so greatly in the plaintiffs' favor that the verdict could not have been reached upon any fair interpretation of the evidence (see, Tarantino v Vanguard Leasing Co., 187 AD2d 422; Columbia v Horowitz, 162 AD2d 579; Salazar v Fisher, 147 AD2d 470; Nicastro v Park, 113 AD2d 129). In making that determination, great deference must be accorded to the fact-finding function of the jury (see, Birnbaum v All-State Vehicle, 139 AD2d 553).

At the trial, both Mr. Torrillo and Gustav Nilsen testified. Nilsen stated that upon seeing the plaintiffs' vehicle approximately 150 to 200 feet ahead, he began fanning the brakes of his bus. He also applied the "ICC" brakes, which locks all four rear tires of the bus. At that time, the bus, which was moving at the rate of approximately 10 miles per hour, responded to the brakes and the speed was reduced further. However, approximately 50 feet away from Mr. Torrillo's vehicle the bus began to slip on the wet road due to the rain and buildup of oil and gas. We conclude that the verdict was supported by a fair interpretation of this evidence (see, Ellis v Johnson Motor Lines, 198 AD2d 258; Tarantino v Vanguard Leasing Co., 187 AD2d 422, supra).

In view of this conclusion, we have not considered the plaintiffs' other contentions. Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.