■ J. CLEMENT SWEENEY, JR., Respondent, v HENRY F. GARDSTEIN, JR., et al., Appellants. [651 NYS2d 879] —In a medical malpractice action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Nassau County (Roberto, J.), entered June 28, 1995, which, upon a jury verdict, is in favor of the plaintiff J. Clement Sweeney, Jr., as administrator of the estate of John Sweeney, and against the defendants in the principal sum of $2,200,000.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with costs and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff J. Clement Sweeney, Jr., of a copy of this decision and order, with notice of entry, J. Clement Sweeney, Jr., as administrator of the estate of John Sweeney, shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to decrease the verdict as to damages from the principal sum of $2,200,000 to the principal sum of $750,000 and to the entry of an amended judgment in the principal sum of $750,000 accordingly. In the

event that the plaintiff J. Clement Sweeney, Jr., so stipulates, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

Since the defendants failed to move pursuant to CPLR 4401 for judgment as a matter of law at the close of the evidence, they implicitly conceded that the issue of the sufficiency of the evidence was for the jury *(see, Miller v Miller,* 68 NY2d 871, 873; *Thompson v City of New York,* 60 NY2d 948; *Torrillo v Command Bus Co.,* 206 AD2d 520).

Moreover, the verdict as to liability was not against the weight of the evidence. According due deference to the jury's determination based upon its opportunity to observe and hear the witnesses, and weighing the conflicting testimony of the parties and their respective experts, we cannot say that the evidence so preponderated in favor of the defendants that the jury could not have reached its conclusion upon any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129, 134-135).

The jury's verdict as to damages was excessive to the extent indicated. Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.