■ MARY HURLEY, Appellant, v JOSEPH CAVITOLO, Respondent. [658 NYS2d 90] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Golden, J.), entered July 31, 1996, which, upon a jury verdict, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

This action arose out of injuries allegedly sustained by the plaintiff in an automobile accident in which the defendant's vehicle struck the plaintiff's vehicle in the rear while the plaintiff's vehicle was stopped at a red light. The defendant testified that when he was approximately two or three car lengths from the intersection, and one car length from the plaintiff's vehicle, the plaintiff came to a sudden stop behind another vehicle at the traffic light. The defendant further testified that the traffic light at the intersection was red when, upon seeing the plaintiff's brake lights engage, he slammed on his brakes and skidded into the rear of the plaintiff's vehicle. There was conflicting testimony concerning whether it was raining at the time of the accident, but the plaintiff and the defendant both testified that the roadway was wet.

A rear-end collision into a stopped automobile creates a prima facie case of negligence with respect to the operator of the moving vehicle, imposing a duty of explanation on its operator (see, Gambino v City of New York, 205 AD2d 583). We find that the defendant's sparse testimony to the effect that the accident was caused by the wet condition of the roadway and the plaintiff's sudden stop was insufficient to rebut the presumption that he was negligent (see, Pincus v Cohen, 198 AD2d 405). "When an automobile is stopped before a red traffic light, there is a duty on the operators of vehicles traveling in the same direction behind it to obey the signal and likewise to stop" (Carter v Castle Elec. Contr. Co., 26 AD2d 83, 84). Thus, the jury verdict in favor of the defendant could not have been reached upon any fair interpretation of the evidence (Nicastro v Park, 113 AD2d 129).

The plaintiff's contention that she was entitled to judgment as a matter of law on the issue of liability is not properly preserved for appellate review. By failing to move for a directed verdict pursuant to CPLR 4401 on the issue of negligence at the close of evidence, the plaintiff implicitly conceded that the issue was for the trier of fact (see, Miller v Miller, 68 NY2d 871, 873; Torrillo v Command Bus Co., 206 AD2d 520). Accord-

ingly, the matter is remitted to the Supreme Court, Kings County, for a new trial. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.