■ PAMELA HARRIS, Individually and as Administrator of the Estate of OWEN HARRIS, Deceased, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant, et al., Defendants. [707 NYS2d 213] —In an action to recover damages for medical malpractice, etc., the defendant New York City Health and Hospitals Corporation appeals (1) from a judgment of the Supreme Court, Kings County (Jackson, J.), entered August 4, 1998, which is in favor of the plaintiffs and against it in the principal sum of $875,000, (2) from an amended judgment of the same court, entered November 23, 1998, which is in favor of the plaintiffs and against it in the principal sum of $775,000, (3), as limited by its brief, from so much of an order of the same court, dated July 27, 1999, as denied that branch of its motion which was to vacate the judgment and the amended judgment entered November 23, 1998, *inter alia,* on the ground that the preverdict interest on the award of past economic loss from the date of the infant plaintiff's death was erroneously calculated, and (4) from an

amended judgment of the same court, entered October 25, 1999, which, (a) upon a jury verdict finding that the plaintiffs had sustained damages in the sum of $1,000,000 ($750,000 for past pain and suffering and $250,000 for past economic loss), (b) upon the granting of that branch of its motion which was to set aside the verdict as to damages and to direct a new trial on the issue of past economic loss unless the plaintiffs consented to reduce the verdict to the sum of $875,000 ($750,000 for past pain and suffering and $125,000 for past economic loss), (c) upon the stipulation of the plaintiffs to so reduce the verdict, (d) upon the granting of that branch of its motion which was to reduce the verdict by the amount of the settlement between the plaintiffs and the defendant Presbyterian Hospital in the City of New York, and (e) upon the order dated July 27, 1999, calculated preverdict interest on the award for past economic loss from the date of the infant plaintiff's death, is in favor of the plaintiffs and against it in the principal sum of $775,000.

Ordered that the appeals from the judgment and the amended judgment entered November 23, 1998, are dismissed as they are superseded by the amended judgment entered October 25, 1999; and it is further,

Ordered that the appeal from the order dated July 27, 1999, is dismissed; and it is further,

Ordered that the amended judgment entered October 25, 1999, is modified by deleting the provision thereof which calculated preverdict interest on the award of past economic loss from the date of the infant plaintiff's death; as so modified, the amended judgment entered October 25, 1999, is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the amended judgment entered October 25, 1999 (*see,* CPLR 5501 [a] [1]).

Contrary to the contention of the defendant New York City Health and Hospitals Corporation (hereinafter the NYCHHC), the plaintiffs adduced sufficient evidence from which the jury could rationally conclude that the infant plaintiff's injuries were proximately caused by the negligence of the defendant (*see, Devito v Opatich,* 215 AD2d 714; *Chazon v Parkway Med.*

*Group,* 168 AD2d 660). Moreover, the verdict in favor of the plaintiffs was not against the weight of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129).

The damages awarded for past pain and suffering as reduced by the court do not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Depradine v New York City Health & Hosps. Corp.,* 255 AD2d 288; *Sweeney v Gardstein,* 234 AD2d 359).

The Supreme Court failed to specify the date or dates from which the clerk should calculate preverdict interest on the award for past economic loss (*see,* CPLR 5001 [c]). As a result, the judgment improperly included preverdict interest on the award for past economic loss from the date of the infant plaintiff's death, rather than from the date or dates the damages were incurred (*see, Milbrandt v Green Refractories Co.,* 79 NY2d 26). Therefore, the matter is remitted to the Supreme Court to recalculate the preverdict interest on the award for past economic loss in accordance with CPLR 5001 (b) and the holding of *Milbrandt v Green Refractories ·Co. (supra).*

Contrary to NYCHHC's contention, interest on the award for pain and suffering was properly calculated at the rate of 3% (*see,* McKinney's Unconsolidated Laws of NY § 7401 [5]). O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.