■ MANNIX INDUSTRIES, INC., Appellant, v ROBERT ANTONUCCI et al., Respondents. [709 NYS2d 412] —In an action, *inter alia,* to recover damages for tortious interference with contractual relations, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 7, 1999, which denied its motion for judgment in its favor as a matter of law made after the jury rendered its verdict, (2) a judgment of the same court, entered June 8, 1999, which, upon the jury verdict and the order, is in favor of the defendants and against it dismissing the complaint, and (3) an amended judgment of the same court, also entered June 8, 1999, which awarded the same relief.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff claims that the defendants, including a firm of architects and engineers retained to administer a construction contract, tortiously interfered with that contract by making certain statements which caused the termination of the contract. After the jury rendered its verdict in the defendants' favor, the plaintiff moved for judgment as a matter of law.

The plaintiff's claim that it was entitled to judgment as a matter of law on the cause of action to recover damages for tortious interference with contractual relations is unpreserved for appellate review. By failing to move for that relief at the close of evidence, the plaintiff implicitly conceded that the issue was

for the trier of fact (*see, Weledniger v Smithtown Professional Owners Co.,* 255 AD2d 377; *Hurley v Cavitolo,* 239 AD2d 559).

In any event, under the circumstances of this case, the jury verdict was based upon a fair interpretation of the evidence (*see, Foster v Churchill,* 87 NY2d 744). Mangano, P. J., Bracken, S. Miller and Goldstein, JJ., concur.