■ YVETTE SANFORD et al., Respondents, v JONATHAN WOODNER Co. et al., Defendants and Third-Party Plaintiffs-Appellants. EVBO, INC., Third-Party Defendant-Respondent. [758 NYS2d 399] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs Jonathan Woodner Co. and Skyline Towers 5 appeal from a judgment of the Supreme Court, Queens County (Lebowitz, J.), dated January 25, 2002, which dismissed the third-party complaint, and, upon a jury verdict finding them 100% at fault in the happening of the accident and awarding the plaintiffs damages in the principal sum of $2,350,000, is in favor of the plaintiffs and against them.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The third-party defendant Evbo, Inc. (hereinafter Evbo), leased space in a building owned by the defendant third-party plaintiff Skyline Towers 5 and managed by the defendant third-party plaintiff Jonathan Woodner Co. In its leased space, Evbo owned and operated the Jack and Jill Nursery School. Evbo employed the plaintiff Yvette Sanford as a nursery school teacher. She was injured when a concrete platform at the top of an exterior "fire exit" staircase outside her classroom collapsed beneath her.

The Supreme Court correctly dismissed the third-party complaint against Evbo. The parties stipulated, in effect, that the trial judge would determine the issue of who was responsible under the lease for the maintenance and repair of the exterior fire staircase. The evidence was sufficient to support the conclusion of the Supreme Court that the defendants bore

this responsibility. Moreover, any ambiguity in the lease was correctly resolved against the defendant lessor and its manager (*see 455 Seventh Ave. v Frederick Hussey Realty Corp.*, 295 NY 166, 172 [1946]). The evidence established that, throughout the period of the leasehold, the defendants' porters cleared the stairs of snow in the winter, arranged for outside contractors to paint the stairs and platform, and undertook repairs to the support beams under the platform that ultimately collapsed. The evidence also established that the defendants had inspected the staircase prior to the accident and found it to be rusty and corroded. Yet, the defendants did not warn the injured plaintiff or Evbo of the dangerous condition of the support structure. Thus, the defendants failed to establish a basis for liability against Evbo.

Furthermore, the broad indemnification provision in the lease was not limited to Evbo's acts or omissions. It failed to make an exception for the defendants' own negligence. Nor did it limit the defendants' recovery under Evbo's indemnification obligation to insurance proceeds. Accordingly, the indemnification clause is unenforceable under General Obligations Law § 5-321 (*see Leone v Leewood Serv. Sta.*, 212 AD2d 669, 672 [1995], citing *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 158-160 [1977]; *Jensen v Chevron Corp.*, 160 AD2d 767 [1990]; *Graphic Arts Supply v Raynor*, 91 AD2d 827 [1982]).

There is no merit to the defendants' contention that they were entitled to judgment as a matter of law as against the plaintiffs on the issue of negligence on the ground that the plaintiffs failed to establish proximate cause. The defendants failed to move pursuant to CPLR 4401 for judgment at the close of the evidence on the issue of negligence. Therefore, they not only failed to preserve their contention that they were entitled to judgment as a matter of law on the issue of proximate cause (*see Hurley v Cavitolo*, 239 AD2d 559 [1997]; *Nelson v Times Sq. Stores Corp.*, 110 AD2d 691 [1985]), but they also implicitly conceded that this issue was for the trier of fact (*see Torrillo v Command Bus Co.*, 206 AD2d 520 [1994], citing *Miller v Miller*, 68 NY2d 871, 873 [1986]; *Thompson v City of New York*, 60 NY2d 948 [1983]; *Gutin v Mascali & Sons*, 11 NY2d 97 [1962]; *Segal v McDaniel Ford*, 201 AD2d 717 [1994]).

Moreover, the evidence presented at trial did not so preponderate in favor of the defendants that the verdict was against the weight of the evidence. To the contrary, the verdict was based on a fair interpretation of that evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]; *see also Torrillo v Command Bus Co.*, supra at 521).

The defendants' remaining contentions are either unpreserved for appellate review or are without merit. Krausman, J.P., Townes, Crane and Mastro, JJ., concur.