■ Fa-Shun Ou et al., Respondents, v New York City Transit Authority et al., Appellants. [765 NYS2d 801] —In an action to recover damages for wrongful death, the defendants appeal, as limited by their brief, from (1) stated portions of a judgment of the Supreme Court, Kings County (Bunyan, J.), entered August 15, 2002, and (2) so much of an amended judgment of the same court, entered September 10, 2002, as, upon a jury verdict on the issue of damages only, as reduced by an order of the same court dated June 13, 2002, and upon the denial of that branch of their motion pursuant to CPLR 4404 which was to set aside the award of damages for conscious pain and suffering as against the weight of the evidence, is in favor of the plaintiffs and against them in the sum of $365,000 for conscious pain and suffering and awarded "interest at the rate of nine percent (3%) per annum."

Ordered that the appeal from the judgment entered August 15, 2002, is dismissed, as it was superseded by the amended judgment entered September 10, 2002; and it is further,

Ordered that the amended judgment is modified by deleting the provision thereof awarding "interest at the rate of nine percent (3%) per annum," and substituting therefor a provision awarding "interest at the rate of three percent (3%) per annum;" as so modified, the amended judgment is affirmed insofar as appealed from, with costs to the plaintiffs.

The plaintiffs' decedent died as a result of being struck by a bus owned and operated by the defendants. Contrary to the defendants' contention, the plaintiffs met their "burden of proving consciousness for at least some period of time following an accident in order to justify an award of damages for pain and suffering" (*Cummins v County of Onondaga,* 84 NY2d 322, 324 [1994]; *see McDougald v Garber,* 73 NY2d 246 [1989]; *Fiederlein v New York City Health & Hosps. Corp.,* 56 NY2d 573 [1982]; *cf. Cleary v LJR Assoc.,* 198 AD2d 394 [1993]). Furthermore, the verdict was not against the weight of the evidence since it was based on a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]).

The amended judgment contains what appears to be a typographical error in that it recites that the judgment shall bear "interest at the rate of nine percent (3%) per annum." The parties concede that the correct rate of interest is three per cent per annum (*see* Public Authorities Law § 1212 [6]; *Klos v New York City Tr. Auth.,* 240 AD2d 635 [1997]). Accordingly, we modify the amended judgment to reflect the proper rate of interest.

The defendants' remaining contentions are without merit. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.