■ ANTHONY FORD, Respondent, v SOUTHSIDE HOSPITAL et al., Defendants, and NELSON R. GIRALDO, Appellant. [785 NYS2d 474]—

In an action to recover damages for medical malpractice, the

defendant Nelson R. Giraldo appeals from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered April 10, 2003, which, upon a jury verdict awarding damages to the plaintiff in the principal sums of $300,000 for past pain and suffering, $600,000 for future pain and suffering, $32,983 for past medical expenses, and $27,000 for lost earnings, and upon the denial of his motion pursuant to CPLR 4404 to set aside the verdict and for a new trial, is in favor of the plaintiff and against him. Justice Ritter has been substituted for former Justice Townes (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law and the facts, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial in accordance herewith, with costs to abide the event.

The plaintiff in this action to recover damages for medical malpractice claimed that the defendant Nelson R. Giraldo departed from good and accepted medical practice in treating his spinal condition, which was ultimately diagnosed as Potts Disease, or tuberculosis of the spine. Among the three theories of liability submitted to the jury was the claim that Dr. Giraldo failed to render follow up medical care to the plaintiff after March 22, 1993. The jury found this to be the only departure by Dr. Giraldo from accepted standards of medical care and that it was a substantial factor in causing injury to the plaintiff.

While Dr. Giraldo moved to set aside the verdict as against the weight of the evidence, he never moved for a directed verdict at the close of the evidence. Consequently, his request on appeal for judgment in his favor as a matter of law is unpreserved for appellate review (*see Miller v Miller*, 68 NY2d 871, 873 [1986]; *Sanford v Woodner Co.*, 304 AD2d 813, 814 [2003]; *Hurley v Cavitolo*, 239 AD2d 559 [1997]). There is merit, however, to his claim that the verdict was against the weight of the evidence.

A verdict is contrary to the weight of the evidence if "the jury could not have reached the verdict on any fair interpretation of the evidence" (*Nicastro v Park*, 113 AD2d 129, 134 [1985]; *cf. Aprea v Franco*, 292 AD2d 478, 479 [2002]). The evidence established that at a follow-up examination on March 22, 1993, Dr. Giraldo directed that repeat x-rays be taken of the plaintiff as soon as possible. The plaintiff, a patient who had earlier checked himself out of the defendant Southside Hospital against medical advice, never submitted himself to these x-rays. He testified that he did not remember being referred for x-rays. The only other evidence relevant to the verdict of liability consisted of the confused testimony of the plaintiff's expert, Dr. Jeffrey Vieira. In answer to a hypothetical question, which

included Dr. Giraldo's instruction to the plaintiff on March 22, 1993, to obtain repeat x-rays, Dr. Vieira stated that "the timely evaluation of [the plaintiff's] complaints and the necessary work up to get to a final definitive diagnosis [were] delayed." The plaintiff's expert was not asked to elaborate on that answer, or how the delay could have been a deviation from good and accepted medical practice. In view of the fact that the plaintiff himself was the cause of this delay, the jury verdict finding Dr. Giraldo liable for it could not have been reached by any fair interpretation of the evidence.

Accordingly, the Supreme Court should have granted the motion to set aside the verdict as against the weight of the evidence. We now do so and remit the matter to the Supreme Court, Suffolk County, for a new trial limited to the theory on which the jury found Dr. Giraldo liable, the failure to render follow up medical care after March 22, 1993, and, if necessary, damages.

In view of this disposition, it is unnecessary to reach Dr. Giraldo's remaining contentions. Ritter, J.P., Krausman, Crane and Spolzino, JJ., concur.