■ VELVET DILEO et al., Appellants-Respondents, v ROSALIE BARRECA et al., Respondents, and ALFA PLUS CORP. et al., Respondents-Appellants. (Action No. 1.) SVETLANA ANUCHINA et al., Appellants, v ROSALIE BARRECA, Respondent. (Action No. 2.)
[793 NYS2d 53]—

In related actions to recover damages for personal injuries, (1) the plaintiffs in action No. 1, Velvet Dileo, Peter Dileo, and Marietta Esposito, appeal from so much of an order of the Supreme Court, Kings County (Martin, J.), dated May 12, 2003, as denied their motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendants Rosalie Barreca, Yevgeniy Dikler, and Svetlana Anuchina in action No. 1 on the issue of liability as against the weight of the evidence, (2) the plaintiffs in action No. 2, Svetlana Anuchina and Yevgeniy Dikler, appeal from so much of the same order as denied their separate motion pursuant to CPLR 4401 for judgment as a matter of law, or alternatively, pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendant Rosalie Barreca in action No. 2 on the issue of liability as against the weight of the evidence and for a new trial, and (3) the defendants in action No. 1, Alfa Plus Corp and John Sullivan, Jr., cross-appeal from the same order. Justice Ritter has been substituted for former Justice Townes (*see* 22 NYCRR 670.1 [c]).

Ordered that the cross appeal is dismissed, as Alfa Plus Corp. and John Sullivan, Jr., are not aggrieved by the order (*see* CPLR 5511); and it is further,

Ordered that the order is reversed, on the law and the facts, the motion of the plaintiffs in action No. 1 to set aside the jury verdict and for a new trial is granted, the motion of the plaintiffs in action No. 2 for judgment as a matter of law on the issue of liability against the defendant Rosalie Barreca is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial in action No. 1 on the issue of liability and, if necessary, on the issue of damages, and for a new trial in action No. 2 on the issue of damages; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, appearing separately and filing separate briefs, payable by the defendant Rosalie Barreca.

In this case involving a motor vehicle accident at an intersection, the street on which Rosalie Barreca was driving had a stop sign while the street on which Svetlana Anuchina was driving did not. At trial, the testimony established that Barreca failed to properly observe and yield to cross traffic before proceeding into the intersection (*see* Vehicle and Traffic Law § 1142 [a]; § 1172 [a]). The record clearly established that Barreca was not acting pursuant to any direction of a school crossing guard when she entered the intersection. Anuchina, who had the right-of-way, was entitled to assume that Barreca would obey the traffic

laws requiring her to yield (*see Lagana v Fox,* 6 AD3d 583 [2004]). The evidence further showed that Barreca failed to see that which by the proper use of her senses she should have seen (*see Rebay v Tormey,* 2 AD3d 826, 827 [2003]; *Batal v Associated Univs.,* 293 AD2d 558, 559 [2002]). The jury verdict finding that Barreca was not negligent in the happening of the accident could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]; *Cohen v Hallmark Cards,* 45 NY2d 493 [1978]; *Nicastro v Park,* 113 AD2d 129 [1985]).

The motion by the plaintiffs in action No. 1, Velvet Dileo, Peter Dileo, and Marietta Esposito, to set aside the jury verdict in favor of Barreca as against the weight of the evidence and for a new trial should have been granted. However, since those plaintiffs did not move for judgment as a matter of law, under the constraint of the Court of Appeals' decision in *Miller v Miller* (68 NY2d 871, 873 [1986]), the matter must be remitted to the Supreme Court for a new trial on the issue of liability and, if necessary, on the issue of damages (*see also Ford v Southside Hosp.,* 12 AD3d 561 [2004]; *Sanford v Woodner Co.,* 304 AD2d 813, 814 [2003]; *Hurley v Cavitolo,* 239 AD2d 559 [1997]).

The plaintiffs in action No. 2, Svetlana Anuchina and Yevgeniy Dikler, having moved at the close of plaintiffs' case, inter alia for judgment as a matter of law against Barreca pursuant to CPLR 4401, were entitled to judgment on the issue of liability against Barreca as a matter of law.

The parties' remaining contentions are without merit. Ritter, J.P., Santucci, Crane and Lifson, JJ., concur.