■ Frank R. Nicodemus, Respondent, v Elsa A. Nicodemus, Appellant. [845 NYS2d 405]—In an action for a divorce and ancillary relief, the defendant appeals from an interlocutory judgment of the Supreme Court, Dutchess County (Pagones, J.), dated May 9, 2006, which, upon a jury verdict, awarded the plaintiff a divorce on the ground of cruel and inhuman treatment.

Ordered that the interlocutory judgment is affirmed, with costs.

The defendant's argument that the jury's verdict is not supported by legally sufficient evidence is not preserved for appellate review since the defendant failed to move for judgment as a

matter of law at the close of the evidence at trial (*see Miller v Miller,* 68 NY2d 871, 873 [1986]; *Gonyon v MB Tel.,* 36 AD3d 592 [2007]).

Contrary to the defendant's contention, the jury's verdict is not against the weight of the evidence. " 'When weight of evidence is the issue, a verdict for the plaintiff may not be disregarded unless the evidence so preponderates in favor of the defendant that it could not have been reached on any fair interpretation of the evidence' " (*Moffatt v Moffatt,* 86 AD2d 864, 865 [1982], *affd* 62 NY2d 875 [1984], quoting *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431, 439 [1981]; *see Ford v Southside Hosp.,* 12 AD3d 561, 562 [2004]; *Slezak v Prime Automotive Parts Co.,* 233 AD2d 434, 435 [1996]).

Here, the plaintiff demonstrated through his testimony, the testimony of other witnesses, and documentary evidence that the defendant's behavior so adversely affected his mental well-being that it became improper for him to cohabit with the defendant (*see Cordoves v Cordoves,* 11 AD3d 504, 505 [2004]; *Rupp-Elmasri v Elmasri,* 305 AD2d 393 [2003]; *Collins v Collins,* 284 AD2d 743, 745 [2001]; *Meltzer v Meltzer,* 255 AD2d 497, 497-498 [1998]). The defendant's testimony to the contrary merely posed a credibility question which the jury was entitled to resolve against her (*see French v French,* 262 AD2d 280 [1999]).

The parties' remaining contentions are without merit. Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.