■ GERALDINE CARR McCONNELL, Individually and as Administrator of the Estate of GEREMY McCONNELL, Deceased, Respondent, v HIRAM SANTANA et al., Appellants. [909 NYS2d 86]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants appeal from a judgment of the Supreme Court, Richmond County (Giacobbe, J.), dated December 2, 2008, which, upon a jury verdict finding that the defendant Hiram Santana was negligent and that his negligence was a substantial factor in causing the accident, and that the plaintiff's decedent was negligent but that his negligence was not a substantial factor in causing the accident, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and excessive, is in favor of the plaintiff and against them in the principal sum of $520,000 and awarded interest at a rate of 9% per year.

Ordered that the judgment is reversed, on the law and the facts, with costs, that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict finding that the plaintiff's decedent was negligent but that his negligence was not a substantial factor in causing the accident

is granted, and the matter is remitted to the Supreme Court, Richmond County, for a new trial solely on the issues of whether the plaintiff's decedent was at fault in the happening of the accident and, if so, whether such fault was a proximate cause of the accident, and for the entry of an appropriate amended judgment, with interest at the rate of 3% per annum from July 20, 2001. The findings of fact as to the liability of the defendant Hiram Santana and on the issue of damages are affirmed.

This is an action to recover damages for the wrongful death of the plaintiff's 15-year-old son, Geremy McConnell, who was killed when the rear wheel of a New York City Transit Authority bus ran over him after he apparently fell off a bicycle he was riding alongside the bus on Hylan Boulevard in Staten Island. After trial, the jury found that the bus driver was negligent and that his negligence was a substantial factor in causing the accident. The jury also found that the decedent was negligent, but that his negligence was not a substantial factor in causing the accident.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Garrett v Manaser*, 8 AD3d 616, 617 [2004]; *see Schaefer v Guddemi*, 182 AD2d 808, 809 [1992]; *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]).

Here, the evidence established, inter alia, that prior to the accident the decedent was riding his bicycle five inches from the right side of the moving bus and attempting to ride between the bus and a parked vehicle. When the bus moved toward the right, the decedent either lost his balance or was knocked off the bicycle and fell to the pavement. The Supreme Court charged the jury that a finding of negligent conduct with respect to the decedent could be based on the failure to maintain a safe distance between his bicycle and the bus (*see* Vehicle and Traffic Law § 1129 [a]; § 1231). Under the circumstances, the issues of negligence and proximate cause were so inextricably interwoven that it would be logically impossible for the jury to find that the decedent was negligent without also finding that the negligence was a proximate cause of the accident (*see Garrett v Manaser*, 8 AD3d at 617; *Misa v Filancia*, 2 AD3d 810 [2003]; *cf. Schaefer v*

*Guddemi*, 182 AD2d at 809; *Rubin v Pecoraro*, 141 AD2d at 527).

The defendants failed to preserve for appellate review their argument that they are entitled to judgment as a matter of law on the issue of negligence on the ground that the plaintiff failed to establish proximate cause (*see Miller v Miller*, 68 NY2d 871, 873 [1986]; *Garrett v Manaser*, 8 AD3d 616 [2004]; *Sanford v Woodner Co.*, 304 AD2d 813, 814 [2003]). By failing to move pursuant to CPLR 4401 for judgment as a matter of law on the issue of negligence at the close of the evidence, the defendants implicitly conceded that the issue was for the trier of fact (*see Miller v Miller*, 68 NY2d 871, 873 [1986]; *Sanford v Woodner Co.*, 304 AD2d 813, 814 [2003]; *Hurley v Cavitolo*, 239 AD2d 559 [1997]). Accordingly, the matter must be remitted to the Supreme Court, Richmond County, for a new trial solely on the issues of whether the plaintiff's decedent was at fault in the happening of the accident and whether such fault was a proximate cause of the accident.

Contrary to the defendants' contention, the evidence was sufficient to support the jury charge regarding loss of possible inheritance (*see Parilis v Feinstein*, 49 NY2d 984, 985 [1980]; *Keenan v Brooklyn City R.R. Co.*, 145 NY 348 [1895]; *Bartkowiak v St. Adalbert's R.C. Church Socy.*, 40 AD2d 306 [1973]; *Connaughton v Sun Print. & Publ. Assn.*, 73 App Div 316 [1902]).

The damages awarded by the jury in this case did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

The parties concede that the correct rate of interest to be applied to the judgment is 3% per annum (*see* Public Authorities Law § 1212 [6]; *Fa-Shun Ou v New York City Tr. Auth.*, 309 AD2d 781 [2003]; *Klos v New York City Tr. Auth.*, 240 AD2d 635 [1997]; *Williams v City of New York*, 169 AD2d 713 [1991]). Mastro, J.P., Dickerson, Roman and Sgroi, JJ., concur.