■ RUTH WILLIAMS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [994 NYS2d 179]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Kramer, J., at trial on the issue of liability; Solomon, J., at trial on the issue of damages), dated August 17, 2012, which, inter alia, upon a jury verdict on the issue of liability finding it 80% at fault in the happening of the accident and the plaintiff 20% at fault, and upon a jury verdict finding that the plaintiff sustained damages in the principal sum of $600,000, is in favor of the plaintiff and against it in the principal sum of $480,000.

Ordered that the judgment is affirmed, with costs.

On June 1, 2002, the plaintiff was injured when she tripped and fell while walking down a staircase leading to an underpass in a subway station. After the accident, the plaintiff commenced this negligence action against the New York City Transit Authority. At trial, the plaintiff testified that she tripped at the top of the staircase where a floor tile was missing, and then fell forward and landed on the fourth step down, at which point she heard her ankle snap. The jury found the defendant 80% liable and the plaintiff 20% liable for the happening of the accident. After a separate trial on the issue of damages, the jury found that the plaintiff sustained damages in the principal sum of $600,000. A judgment was subsequently entered in favor of the plaintiff and against the defendant in the principal sum of $480,000. The defendant appeals.

The defendant failed to preserve for appellate review its argument that it is entitled to judgment as a matter of law (*see Miller v Miller*, 68 NY2d 871, 873 [1986]; *Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc.*, 102 AD3d 770, 772 [2013]; *McConnell v Santana*, 77 AD3d 635, 637 [2010]). By fail-

ing to move pursuant to CPLR 4401 for judgment as a matter of law at the close of the evidence, the defendant implicitly conceded that the issue of negligence was for the trier of fact (*see Miller v Miller*, 68 NY2d at 873; *McConnell v Santana*, 77 AD3d at 637; *Sanford v Woodner Co.*, 304 AD2d 813, 814 [2003]).

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Lolik v Big v Supermarkets*, 86 NY2d 744, 745 [1995]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Sokolik v Pateman*, 114 AD3d 839, 840 [2014]). It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses (*see Walker v New York City Tr. Auth.*, 115 AD3d 941, 942 [2014]; *Niebles v MTA Bus Co.*, 110 AD3d 1047 [2013]; *Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]). Here, it cannot be said that the evidence so preponderated in the defendant's favor that the verdict could not have been reached on any fair interpretation of the evidence.

Although we agree with the defendant that the trial court erred with respect to the admissibility of certain reports, we are satisfied that none of the errors, singly or in combination, affected the verdict (*see* CPLR 2002; *Ewanciw v Atlas*, 65 AD3d 1077, 1078 [2009]; *Moran v Orth*, 36 AD3d 771, 772 [2007]; *Rizzuto v Getty Petroleum Corp.*, 289 AD2d 217, 217-218 [2001]).

The defendant's remaining contentions are without merit. Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.