■ RHONDA WITTORF, Appellant, v CITY OF NEW YORK, Respondent. [41 NYS3d 36]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 5, 2015, which, inter alia, denied plaintiff's motion to set aside the jury verdict to the extent it found her 40% comparatively negligent for the subject accident, unanimously affirmed, without costs.

Plaintiff's argument that the evidence was insufficient to warrant a comparative negligence charge, let alone support a comparative negligence finding, is not preserved since she failed to move for a directed verdict on the issue at the close of the evidence (*see Miller v Miller*, 68 NY2d 871 [1986]), and did not object to the comparative negligence charge (*see Ganaj v New York City Health & Hosps. Corp.*, 130 AD3d 536 [1st Dept 2015]).

Plaintiff's argument that the comparative negligence finding was against the weight of the evidence, is unavailing. Plaintiff was an experienced cyclist and just prior to her fall in a pothole in the roadway beneath a Central Park overpass, she had been traveling at moderate speed with a fellow cyclist notwithstanding quick changing light and visibility conditions as they headed into morning sun glare, and then suddenly into the darkened roadbed area beneath the overpass. Plaintiff testified that everything "happened so fast" as she encountered the potholes under the overpass. The trial evidence supported a reasonable inference that plaintiff's bike speed at the time of her accident left her with insufficient time to adequately adjust to any potential road hazards that might exist under the overpass.

As to the apportionment of fault for the accident, a fair interpretation of the evidence supported the verdict (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]). The jury found that the City was not given written notice of the specific offending pothole, and that there was no evidence to show the City had created it. While there was evidence that a Department of Transportation (DOT) supervisor had learned of the potholes beneath the subject overpass shortly before the accident, that city worker was in the process of closing a park entrance to traffic so as to permit road repairs to begin when plaintiff's fellow cyclist inquired of the worker whether it was okay to enter and travel the subject roadway. The city worker allowed the cyclists to use the road before there was a reasonable opportunity for the City to effect the necessary repairs. Thus, the City's negligence arose with the failure of the DOT supervisor to impart his knowledge of the unsafe road conditions ahead and/or with his failure to completely bar the cyclists from using the road. Concur—Renwick, J.P., Moskowitz, Kapnick, Kahn and Gesmer, JJ.