Redbridge Bedford, LLC v 159 N. 3rd St. Realty Holding Corp. (2023 NY Slip Op 00889)

Redbridge Bedford, LLC v 159 N. 3rd St. Realty Holding Corp.

2023 NY Slip Op 00889

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2019-14479
 (Index No. 504563/18)

[*1]Redbridge Bedford, LLC, respondent, 
v
159 North 3rd St. Realty Holding Corp., et al., appellants, et al., defendant.

Wenig Saltiel LLP, Brooklyn, NY (Meryl L. Wenig, Dan M. Blumenthal, and Sehzad M. Sooklall of counsel), for appellants.
Lupkin PLLC, New York, NY (Jonathan D. Lupkin of counsel), for respondent.

DECISION & ORDER
In an action for an award of attorneys' fees pursuant to lease agreements, the defendants 159 North 3rd St. Realty Holding Corp. and 240 Bedford Ave Realty Holding Corp. appeal from a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 20, 2019. The judgment, insofar as appealed from, awarded the plaintiff interest in the sum of $159,129.60.
ORDERED that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a determination of whether the plaintiff is entitled to predecision interest and, if so, the proper date upon which such interest should be computed, and the entry of an appropriate amended judgment thereafter.
In April 2010, 159 North 3rd St. Realty Holding Corp. (hereinafter 159 North) and 240 Bedford Ave Realty Holding Corp. (hereinafter 240 Bedford) each entered into a written agreement with the predecessor in interest of Redbridge Bedford, LLC (hereinafter Redbridge), to lease certain property (hereinafter the lease agreements). In November 2010, 159 North assigned its interest in its lease to 159-MP Corp. (hereinafter 159-MP). In March 2014, 240 Bedford and 159-MP commenced an action against Redbridge, inter alia, for declaratory and injunctive relief with respect to their tenancies under the lease agreements (hereinafter the declaratory judgment action) and moved for a Yellowstone injunction (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630). In an order dated January 29, 2015, the Supreme Court denied the motion for a Yellowstone injunction and granted Redbridge's cross-motion for summary judgment dismissing the complaint (see 159 MP Corp. v Redbridge Bedford LLC, 2015 NY Slip Op 32817[U] [Sup Ct, Kings County], affd 160 AD3d 176, affd 33 NY3d 353).
On March 6, 2018, Redbridge commenced this action against 159 North, 240 Bedford, and 159-MP for an award of attorneys' fees incurred in connection with the declaratory judgment action pursuant to the terms of the lease agreements. 159 North and 240 Bedford (hereinafter together the defendants) moved for summary judgment dismissing the amended complaint insofar as asserted against them, and Redbridge cross-moved for summary judgment on the amended complaint. In an order dated October 23, 2019, the Supreme Court, in effect, denied the defendants' motion, granted Redbridge's cross-motion, and directed the Kings County Clerk (hereinafter the Clerk) to enter a judgment in favor of Redbridge in the principal sum of $310,767.70. The order was silent with respect to interest. On November 20, 2019, the Clerk issued [*2]a judgment in favor of Redbridge and against the defendants and 159-MP in the total sum of $469,897.30, representing the principal sum of $310,767.70 and interest at a rate of 9% per annum in the sum of $159,129.60. The defendants appeal from so much of the judgment as awarded Redbridge interest in the sum of $159,129.60.
As Redbridge correctly contends, Redbridge is entitled to interest pursuant to CPLR 5002 from October 23, 2019, the date of decision, to November 20, 2019, the date of entry of final judgment. However, the amount of interest awarded in the judgment exceeds the amount to which Redbridge would be entitled pursuant to CPLR 5002 (see id. § 5004), and it is apparent that the judgment also included predecision interest pursuant to CPLR 5001. As the defendants correctly contend, because neither the parties nor the Supreme Court specified the date or dates from which the Clerk should calculate predecision interest, the Clerk was without authority to award and calculate such interest (see id. § 5001[c]; Harris v New York City Health & Hosps. Corp., 272 AD2d 372, 374; Brent v Keesler, 32 AD2d 804).
As the parties dispute whether the plaintiff is entitled to predecision interest and, if so, the proper date for the calculation of such interest, we remit the matter to the Supreme Court, Kings County, for a determination of these issues in the first instance (see Revell v Guido, 124 AD3d 1006, 1013; Brent v Keesler, 32 AD2d at 805).
We decline to consider the defendants' contention that the entire judgment should be reversed, as that contention is beyond the scope of their limited notice of appeal from the judgment (see Matter of Ruth S. [Stein], 181 AD3d 945, 946; NJCB SPEC-1, LLC v Budnik, 161 AD3d 885, 888; Hunt v Raymour & Flanigan, 105 AD3d 1005, 1006).
The parties' remaining contentions are premature and need not be reached in light of our determination.
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court